Michael Louis Kelly – California State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh – California State Bar No. 180361
bvp@kirtlandpackard.com
Joshua A. Fields – California State Bar No. 242938
jf@kirtlandpackard.com
**KIRTLAND & PACKARD LLP**
2041 Rosecrans Avenue, Third Floor
El Segundo, California 90245
Tel: (310) 536-1000; Fax: (310) 536-1001

Brett N. Huff - CO State Bar No. 32071
bhuff@huffandleslie.com
Huff & Leslie, LLP
2480 Gray Street
Edgewater, Colorado 80214
Telephone: (303) 232-3622
Facsimile: (303) 274-0638

*Counsel for Plaintiff Melodie Bushman,
and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

| | |
|---|---|
| MELODIE BUSHMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, an Iowa Corporation, and DOES 1-10, inclusive,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**1: Violation of Colorado Revised Statutes ("C.R.S.") § 10-3-1115,** *et seq.* **(unreasonable delay/denial of payment for benefits owed by insurer)**<br><br>**2: Violation of Colorado Deceptive Trade Practices Act, C.R.S. § 6-1-105,** *et seq.*<br><br>**3: Bad Faith Breach of Insurance Contract**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

2589-1: 174915

Plaintiff MELODIE BUSHMAN ("MS. BUSHMAN"), on behalf of herself and all others similarly situated, alleges the following:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

2. This Court also has personal jurisdiction over Defendants because Defendants are authorized to do business, and currently do business, in this state.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant NATIONWIDE AGRIBUSINESS INSURANCE COMPANY ("NATIONWIDE") has conducted business in this District and is subject to personal jurisdiction and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4. Plaintiff, MS. BUSHMAN, at all relevant times herein, was and is a citizen and resident of the State of Colorado. MS. BUSHMAN obtained automobile insurance from NATIONWIDE which covered the 2016 calendar year, for a 2011 HYUNDAI SONATA GLS ("HYUNDAI") personal automobile she leased.

5. Defendant NATIONWIDE is an Iowa corporation, with its corporate headquarters located in the State of Iowa. NATIONWIDE also conducts a substantial amount of business nationwide, including in Colorado.

6. Plaintiff is unaware of the true names and capacity of the defendants sued as DOES 1-10, and therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this Complaint when and if the true identities of these DOE defendants

are discovered. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiff and the Class as herein alleged, and is thus liable for Plaintiff's and the Class's injuries.

7.  At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining defendant.

## PRELIMINARY ALLEGATIONS

8.  This action arises out of NATIONWIDE's practice of unlawfully failing to pay its insureds – specifically holders of NATIONWIDE automobile insurance policies – certain statutory mandated fees in the event an automobile accident or other event results in a total loss determination by NATIONWIDE for the insured's vehicle. The specific statutory fees NATIONWIDE uniformly fails to pay as part of its normal business practices are mandated by Colorado Revised Statutes ("C.R.S.") § 10-4-639(1), and include, without limitation, title and registration fees associated with a motor vehicle's total loss.

9.  MS. BUSHMAN obtained automobile insurance from NATIONWIDE which covered the 2016 calendar year, for the HYUNDAI personal automobile she leased during that time period. The policy provided for coverage in the event of total loss of the motor vehicle.

**CLASS ACTION COMPLAINT**

2589-1: 174915

3

10. On or about March 23, 2016, Plaintiff's HYUNDAI was in an accident. Subsequently, MS. BUSHMAN submitted a claim to NATIONWIDE based on the insurance policy she had obtained from NATIONWIDE for the HYUNDAI.

11. In letter dated April 14, 2016, NATIONWIDE informed MS. BUSHMAN the amount it would agree to pay for the claim. NATIONWIDE apparently determined during its investigation the HYUNDAI was a total loss as a result of the accident. The April 14, 2016 letter related to the total loss of the HYUNDAI is attached hereto as Exhibit "1".

12. Subsequently, in a September 12, 2017 email, NATIONWIDE provided MS. BUSHMAN with an accounting of the insurance benefits it had paid her and the lessor in light of the total loss. The September 12, 2017 email related to the total loss of the HYUNDAI is attached hereto as Exhibit "2".

13. As stated in the September 12, 2017 email, NATIONWIDE did not agree to pay MS. BUSHMAN the total amount of title and registration fees associated with the total loss of the HYUNDAI. To date, NATIONWIDE has not paid the policy holder, MS. BUSHMAN, the total amount of any such title and registration fees.

14. Upon information and belief, Plaintiff alleges NATIONWIDE has denied insurance benefits it owed to similarly situated NATIONWIDE automobile policy holders in violation of C.R.S. § 10-3-1115 (which requires that insurers not unreasonably delay or deny payment of a claim for benefits owed), by failing to pay them the total amount of title and registration fees associated with the total loss of a motor vehicle, as mandated by C.R.S. § 10-4-639(1).

## CLASS ACTION ALLEGATIONS

15. Plaintiff MS. BUSHMAN brings this action on behalf of herself and all others similarly situated, as members of the proposed Colorado class (collectively hereafter the "Class") defined as follows:

**CLASS ACTION COMPLAINT**

2589-1: 174915

**Colorado Class**: All persons who resided in Colorado and had obtained an automobile insurance policy with NATIONWIDE providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by NATIONWIDE the vehicle was a total loss upon a claim being made by the policy holder, and to whom NATIONWIDE did not pay the total amount of title and registration fees as part of the claim made, within two years of the filing of the original complaint to the present. Specifically excluded from the proposed Class are Defendants, any entities in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries and/or assigns of Defendants, and any Judge who may be assigned to this matter.

16.     This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

17.     [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes many thousands of members.

18.     [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary

**CLASS ACTION COMPLAINT**

2589-1: 174915

from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    A.    Whether Defendants provided automobile insurance coverage to Plaintiff and the putative class, which covered total vehicle loss in the event of a motor vehicle accident or other event;

    B.    Whether Defendants failed to pay the total amount of title and registration fees to Plaintiff and the putative class after making a determination an insured vehicle was a total loss as a result of a motor vehicle accident or other event;

    C.    Whether Defendants misrepresented and/or failed to disclose material facts about the automobile insurance policies at issue;

    D.    The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

19. [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing harm arising out of Defendants' common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendants' wrongful conduct as alleged herein.

20. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

21. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the

**CLASS ACTION COMPLAINT**

2589-1: 174915

courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, whether a policy provided for insurance coverage in the event of the total loss of the vehicle.

23. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, substantially impair or impede the ability of such non-party Class members to protect their interests.

24. [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Violation of C.R.S. 10-3-1115, *et seq*.)**

**(By Plaintiff and Putative Class Against All Defendants)**

25. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

**CLASS ACTION COMPLAINT**

2589-1: 174915

26. Plaintiff and the Class obtained automobile insurance policies from NATIONWIDE which provided for insurance coverage in the event of the total loss of the vehicle.

27. Plaintiff and the Class members submitted claims for automobile insurance coverage to NATIONWIDE after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by NATIONWIDE the vehicle at issue was a total loss.

28. C.R.S. § 10-4-639(a) provides in relevant part that an insurer <u>shall</u> pay title fees and any other registration fees associated with the total loss of a motor vehicle.

29. C.R.S. § 10-3-1115(1)(a) provides in relevant part that a person engaged in the business of insurance <u>shall not</u> unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

30. Despite its own determination the insured vehicles of Plaintiff and the Class Members were total losses, when claims were submitted by Plaintiff and the Class Members after a motor vehicle accident or other event resulted in damage to their property, NATIONWIDE failed to pay the total amount of title and registration fees required by C.R.S. § 10-4-639(a), and therefore violated the express language of that statute.

31. Additionally, NATIONWIDE's failure to make such payments were a violation of C.R.S. § 10-3-1115(1)(a), as an unreasonable delay and/or denial of a claim for insurance benefits NATIONWIDE owed Plaintiff and the Class Members. NATIONWIDE had no reasonable basis to deny making these payments.

32. Furthermore, NATIONWIDE's violations of Colorado's insurance codes provide for a private right of action under C.R.S. § 10-3-1116(a), the recovery of attorney's fees and costs and two times the covered benefit.

33. Moreover, because Defendant acted wantonly, maliciously, oppressively,

**CLASS ACTION COMPLAINT**

2589-1: 174915

8

recklessly, and deliberately, for the purpose of enriching themselves at Plaintiff's and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial

34. As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

## CLAIMS FOR RELIEF

## SECOND CLAIM FOR RELIEF

**(Violation of C.R.S. § 6-1-105, *et seq*.)**

**(By Plaintiff and Putative Class Against All Defendants)**

35. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

36. Colorado's Deceptive Trade Practices Act, C.R.S. § 6-1-105, *et seq.* ("DTPA"), provides an individual may maintain a private civil action against a company engaged in the sale of services for violations of the DTPA's provisions.

37. Plaintiff alleges NATIONWIDE violated the DTPA by, *inter alia*, failing to disclose material information about the automobile insurance policies it provided to Plaintiff and the Class Members under C.R.S. § 6-1-105(1)(u), i.e. by failing to disclose NATIONWIDE did not, as a uniform business practice, pay the total amount of title and registration fees associated with a total vehicle loss.

38. As a result of NATIONWIDE's deceptive business practices, Plaintiff and the Class Members have suffered damage and lost money in that they paid for insurance services they otherwise would not have had the truth been disclosed, in an amount to be proven at trial. Plaintiff seeks an order enjoining NATIONWIDE from continuing to engage in the deceptive practices alleged herein.

///

///

# CLAIMS FOR RELIEF

## THIRD CLAIM FOR RELIEF

### (Bad Faith Breach of Insurance Contract)

### (By Plaintiff and Putative Class Against All Defendants)

39. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

40. NATIONWIDE's failure to pay the total amount of title and registration fees associated with a total loss to its automobile insurance customers in Colorado, as mandated by C.R.S. § 10-4-639(a), was not reasonable conduct for an established automobile insurer such as NATIONWIDE.

41. As an established automobile insurer offering policies in Colorado, NATIONWIDE knew of or recklessly disregarded the fact that its failure to pay the total amount of title and registration fees associated with the total loss of an insured motor vehicle in Colorado, based on C.R.S. § 10-4-639(a)'s mandate, was unreasonable.

42. As an established automobile insurer offering policies in Colorado, NATIONWIDE also knew of or recklessly disregarded the fact that its delay and/or denial of payments owed to Plaintiff and Class members, in violation of C.R.S. § 10-3-1115(1)(a), was unreasonable.

43. Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, and deliberately, for the purpose of enriching themselves at Plaintiff's and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial

44. As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

///

///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated, prays for judgment against NATIONWIDE as follows:

1. An Order certifying the Class and any sub-classes thereof that the Court may deem appropriate, and appointing Plaintiff MELODIE BUSHMAN, and his counsel, to represent the Class;

2. An award of general damages according to proof;

3. Injunctive relief;

4. Attorneys' fees;

5. Two times the covered benefit under C.R.S. § 10-3-1116(a);

6. Triple damages under C.R.S. § 6-1-105, *et seq.*;

7. Statutory damages;

8. Exemplary and punitive damages;

9. Costs of suit; and

10. Any other relief the Court deems proper.

DATED: September 20, 2017               Respectfully submitted,

                                        KIRTLAND & PACKARD LLP
                                        Michael Louis Kelly
                                        Behram V. Parekh
                                        Joshua A. Fields

                                        Huff & Leslie, LLP
                                        Brett N. Huff

                                        By:  /s/ Joshua A. Fields
                                             JOSHUA A. FIELDS

                                        *Counsel for Plaintiff Melodie Bushman,
                                        and all others similarly situated*

---

**CLASS ACTION COMPLAINT**

2589-1: 174915

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury by jury as to all claims so triable.

DATED:   September 20, 2017

Respectfully submitted,

KIRTLAND & PACKARD LLP
Michael Louis Kelly
Behram V. Parekh
Joshua A. Fields

Huff & Leslie, LLP
Brett N. Huff


By:   /s/ Joshua A. Fields
         JOSHUA A. FIELDS

*Counsel for Plaintiff Melodie Bushman, and all others similarly situated*

**CLASS ACTION COMPLAINT**

2589-1: 174915