IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02277-WJM-MJW

MELODIE BUSHMAN,
on behalf of herself and all others similarly situated,

Plaintiffs,

v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,
an Iowa Corporation; and DOES 1-10, inclusive,

Defendants.

---

**DEFENDANT NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE ALLEGATIONS OF PUNITIVE AND EXEMPLARY DAMAGES**

---

Defendant Nationwide Agribusiness Insurance Company ("Nationwide") respectfully moves to dismiss Plaintiff's First Amended Class Action Complaint (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Nationwide also moves to strike Plaintiff's claims for punitive and exemplary damages pursuant to Rule 12(f).

**CERTIFICATION OF CONFERRAL**

Pursuant to this Court's Practice Standard III.D.1., counsel for Nationwide conferred with Plaintiff's counsel regarding the grounds on which Nationwide seeks dismissal of the Amended Complaint. Plaintiff opposes this Motion and declined to file a Second Amended Complaint.

## INTRODUCTION

Counsel for Plaintiff has filed at least six putative class actions on behalf of different named plaintiffs against their respective automobile insurers, raising parallel claims concerning alleged underpayment of first party total loss vehicle insurance claims.[1] In the present case, Plaintiff alleges that Nationwide did not pay "the total amount of ownership tax and title and registration fees associated with the total loss of a motor vehicle[.]" ECF No. 25 at ¶ 15. Plaintiff contends that the alleged failure to pay constitutes: (1) unreasonable delay/denial of payment of insurance benefits in violation of C.R.S. §§ 10-3-1115, *et seq.*; (2) violation of the Colorado Consumer Protection Act, C.R.S. §§ 6-1-105, *et seq.* (the "CCPA"); and (3) bad faith breach of an insurance policy. *Id.* at ¶¶ 26-45. Plaintiff seeks to bring this suit on behalf of herself and the following putative class:

> All persons who resided in Colorado and had obtained an automobile insurance policy with NATIONWIDE providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by NATIONWIDE the vehicle was a total loss upon a claim being made by the policy holder, and to whom NATIONWIDE did not pay the total amount of ownership tax and title and registration fees as part of the claim made, within two years of the filing of the original complaint to the present . . . .

*Id.* at ¶ 16.

The Amended Complaint should be dismissed in its entirety under Rule 12(b)(6) because: (a) the count for statutory bad faith is time-barred by the applicable one-year statute of

---

[1] *See Tsiouvaras v. Progressive Direct Ins. Co.*, No. 17-cv-02279-RBJ; *Carter v. Amica Mut. Ins. Co.*, No. 17-cv-02156-RM-MEH; *Monson v. Country Preferred Ins. Co.*, No. 17-cv-02130-KLM; *Pearson v. Geico Cas. Co.*, No. 17-cv-02116-CMA-MEH; *Vogel v. Bristol West Ins. Co.*, No. 17-cv-02149-RBJ.

limitations;[2] (b) the count for violation of the CCPA fails to adequately allege requisite elements, and neither monetary relief nor injunctive relief is permissible in a private putative class action; and (c) the counts for statutory and common law bad faith are devoid of supporting factual allegations. Additionally, Plaintiff's claims for exemplary and punitive damages should be stricken pursuant to Rule 12(f) as improper, immaterial, and impertinent.[3]

## FACTUAL ALLEGATIONS

Plaintiff leased a 2011 Hyundai Sonata ("Hyundai") that she insured with Nationwide. ECF No. 25 at ¶¶ 4, 9. On March 23, 2016, Plaintiff was involved in a traffic accident, and filed a claim with Nationwide. *Id.* at ¶ 11. On or about April 14, 2016, Nationwide determined that the Hyundai was a total loss and issued two checks: one to Plaintiff in the amount of $2,007.77, and one to the lienholder in the amount of $6,433.49. *Id.* at Ex. 1; ¶ 12. Nationwide's combined total loss payment of $8,441.26 included $9.50 allocated to "tag/title fees." *Id.* at Ex. 2; ¶ 14.

Plaintiff alleges that she incurred "an estimated $232.09 in ownership taxes and title and registration fees related to the HYUNDAI," *id*. at ¶ 10, which Nationwide allegedly did not pay. However, the Amended Complaint offers no substantiation or justification for this amount. Moreover, the Amended Complaint neither alleges that Plaintiff *demanded* this amount from

---

[2] Nationwide acknowledges that the question of whether a claim for statutory bad faith is subject to a one-year statute of limitation is currently under consideration by the Colorado Supreme Court in the case captioned *Rooftop Restorations, Inc. v. Am. Family Mut. Ins. Co.*, No. 2017SA31 (Colo. Mar. 3, 2017) (accepting certified question). As set forth in Nationwide's Motion to Stay, which is being filed concurrently with this Motion, if the Court does not dismiss Plaintiff's statutory bad faith claim, Nationwide requests that the Court stay this matter pending the Colorado Supreme Court's determination of the certified question in *Rooftop Restorations*.

[3] Pursuant to Rule 12(g)(1) and this Court's Practice Standard III.D.2., Nationwide submits its request for relief under both Rules 12(b)(6) and 12(f).

Nationwide, nor alleges that Plaintiff *supplied documentation* or proof of claim to facilitate the calculation and payment of this amount.  *See generally* ECF No. 25.

## ARGUMENT

**I.  LEGAL STANDARD.**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff cannot establish he or she is entitled to relief, by utilizing "labels and conclusions" or "a formulaic recitation of a cause of action's elements[.]" *Twombly*, 550 U.S. at 545.  Rather, a plaintiff must set forth specific facts that "raise a right to relief above the speculative level[.]"  *Id.* at 545; *see also Flowers v. Life Ins. Co. of N. Am.*, 781 F. Supp. 2d 1127, 1133 (D. Colo. 2011).  When ruling on a motion to dismiss, courts do not accept conclusory allegations as true.  *See Coburn v. Nordeen*, 72 F. App'x 744, 746 (10th Cir. 2003) ("In conducting a Rule 12(b)(6) analysis, the court need not accept as true any conclusory allegations contained in the complaint."); *see also Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) ("we don't accept the nonmoving party's legal conclusions as true").

Dismissal under Rule 12(b)(6) is also appropriate where a claim is time-barred.  *See Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) ("although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss"); *see also Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("Statute of limitations questions may, therefore, be appropriately resolved on a Fed.R.Civ.P. 12(b) motion.").

Further, under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Martin v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-03509-KMT, 2015 WL 5308063, at *1 (D. Colo. Sept. 11, 2015).

## II.   PLAINTIFF'S STATUTORY BAD FAITH CLAIM IS TIME BARRED.

Plaintiff attempts to recover for statutory bad faith under C.R.S. §§ 10-3-1115, *et seq.* *See* C.R.S. § 10-3-1115(1)(a) ("[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant"); C.R.S. § 10-3-1116(1) ("[a] first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit").

Under the Colorado Supreme Court's *Kruse* test, "penalty statutes" are subject to a one-year statute of limitations. *See* C.R.S § 13-80-103(1)(d) ("All actions for any penalty or forfeiture of any penal statutes . . . shall be commenced within one year after the cause of action accrues, and not thereafter"); *Kruse v. McKenna*, 178 P.3d 1198, 1201 (Colo. 2008) (a "statutory claim is one for a penalty, in the context of determining the correct statute of limitations to apply" where: "(1) the statute asserted a new and distinct cause of action; (2) the claim would allow recovery without proof of actual damages; and (3) the claim would allow an award in excess of actual damages"). Courts applying the *Kruse* test have found statutory bad faith to be a "penalty statute" subject to the one-year statute of limitations. *See Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 14-cv-01642-PAB-KLM, 2015 WL 5047640, at *3 (D.

5

Colo. Aug. 27, 2015) (internal citation omitted) ("Section 10-3-1116(1) satisfies all three elements of the *Kruse* test and is thus properly characterized as a statutory penalty. As such, plaintiff's statutory insurance bad faith claim is subject to a one-year statute of limitations and . . . is therefore time-barred."); *Hernandez v. Am. Standard Ins. Co. of Wisconsin*, No. 11-cv-03076-RBJ, 2013 WL 6633392, at *4-5 (D. Colo. Dec. 16, 2013) (applying the three *Kruse* factors and holding that Section 10-3-1116 "creates a penalty"); *Rooftop Restoration, Inc. v. Ohio Sec. Ins. Co.*, No. 15-cv-00620-LTB-KTM, 2015 WL 9185679, at *4 (D. Colo. Dec. 17, 2015) (holding Section 10-3-1116 "creates a penalty").[4]

Here, the face of the Amended Complaint demonstrates that any potential claim for statutory bad faith arose more than one-year before suit was filed. Specifically, Nationwide issued its total loss payment for the Hyundai, including $9.50 for tag/title fees, on or about April 14, 2016, ECF No. 25 at Exs. 1-2; ¶¶ 12, 14. Plaintiff did not file the original Complaint

---

[4] Additionally, the legislative history of the bill that enacted Section 10-3-1116, H.B. 08-1407, confirms that Section 10-3-1116 was intended to be a statutory penalty. When analyzing the legislative history of a statute, courts "accord substantial weight to the sponsors' statements concerning a bill's purpose.'" *Meyerstein v. City of Aspen*, 282 P.3d 456, 466 (Colo. App. 2011). Speaker Romanoff, the sponsor of H.B. 08-1407, stated that the purpose of the bill was to "'*increase the penalties* on companies that unreasonably delay or deny payment by offering consumers in those situations . . . a private right of action beyond the remedies in existing law[.]'" *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 972-73 (Colo. App. 2011) (quoting Hearings on H.B. 1407 before the H. Comm. on Business Affairs & Labor, 66th Gen. Assem., 2d Sess. (Apr. 24, 2008) (emphasis added)). Moreover, courts also consider the title of a bill when determining legislative intent. *See Land Owners United, LLC v. Waters*, 293 P.3d 86, 93-94 (Colo. App. 2011). The title of H.B. 08-1407 also shows that Section 10-3-1116 was intended to be a statutory penalty, as it is explicitly titled "An Act Concerning Strengthening Penalties for the Unreasonable Conduct of an Insurance Carrier." *See Hernandez*, 2013 WL 6633392, at *4 ("the bill that created §§ 10-3-1115 and -1116 was titled, 'An Act Concerning Strengthening Penalties for the Unreasonable Conduct of an Insurance Carrier.'"). Accordingly, the legislative history of Section 10-3-1116 further demonstrates that it is a statutory penalty, and thus, subject to a one-year statute of limitation.

until September 20, 2017. *See* ECF No. 1. Thus, suit was filed well outside the one-year statute of limitations, and therefore, Plaintiff's statutory bad faith claim must be dismissed as time-barred. *See, e.g.*, *Aldrich*, 627 F.2d at 1041 n. 4 (dismissal of an untimely claim is proper "when the dates given in the complaint make clear that the right sued upon has been extinguished"); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964 (10th Cir. 1994) (affirming the district court's dismissal of plaintiffs' time-barred claims under Rule 12(b)(6)); *see also Radloff-Francis*, 524 F. App'x at 413.

### III. THE CCPA CLAIM FAILS DUE TO PLEADING DEFICIENCIES; AND NEITHER MONETARY RELIEF NOR INJUNCTIVE RELIEF IS PERMISSIBLE IN A PRIVATE PUTATIVE CLASS ACTION.

#### A. The Amended Complaint Fails To Plead Necessary Facts.

To establish a viable claim under the CCPA, a plaintiff must adequately allege five elements: (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business; (3) the challenged practice significantly impacts the public; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused injury to plaintiff. *See Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003). "If one element of a CCPA claim is not met, the entire claim fails." *Mayhew v. Cherry Creek Mortg. Co.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *14 (D. Colo. Mar. 10, 2010). Further, a CCPA claim must be pled with specificity to satisfy the particularity requirement of Rule 9(b). *See Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985) ("Rule 9(b)'s requirement of particularity applies to plaintiffs' allegations of deceptive trade practices under the [CCPA]."); *see also Mayhew*, 2010 WL 935674, at *14.

Here, Plaintiff makes a conclusory assertion that Nationwide has a "uniform business practice" of failing to disclose that it allegedly does not "pay the total amount of ownership tax and title and registration fees associated with a total vehicle loss." *See* ECF No. 25 at ¶ 37. However, this assertion does not constitute the type of unfair or deceptive trade practice recognized by the CCPA. *See* C.R.S. § 6-1-105(1)(u). Rather, the CCPA requires a plaintiff to plead the failure to disclose material information that "was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction[.]" *Id.* The Amended Complaint neither pleads any facts concerning the *advertisement or sale* of the Nationwide insurance policy, nor pleads any requisite *intent to induce* Plaintiff to enter into a contract. *See generally* ECF No. 25. The only (conclusory) factual assertions in the Amended Complaint concern an alleged failure to adequately pay a claim—not a purportedly improper sale of the policy. *See Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1120 (10th Cir. 2008).

Plaintiff also fails to allege that Nationwide's purported omission "significantly impacts the public." In determining whether an allegedly deceptive practice "significantly impacts the public," courts analyze:

> (1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future.

*Rhino Linings USA, Inc.*, 62 P.3d at 149. The Amended Complaint is devoid of *any* factual allegations showing a "significant impact" on any other consumers. Instead, Plaintiff simply concludes that "[putative] Class Members have suffered damages" (ECF No. 25 at ¶¶ 38-39), which is patently insufficient. *See, e.g.*, *Coors v. Sec. Life of Denver Ins. Co.*, 91 P.3d 393, 399

8

(Colo. App. 2003), *aff'd in part, rev'd in part on other grounds*, 112 P.3d 59 (Colo. 2005) (an alleged insurance premium overcharge for 200 out of 20,000 policyholders (*i.e.*, 1%) did not "constitute public impact"). At most, the Amended Complaint sets forth private, individual harm, involving a contractual relationship, which does not establish a viable claim under the CCPA. *See Travelers Indem. Co. of Illinois v. Hardwicke*, 339 F. Supp. 2d 1127, 1132 (D. Colo. 2004) ("in order for an alleged deceptive practice to be actionable, the claimant must establish that the challenged practice significantly impacts upon the public as actual or potential consumers, and is not merely a claim involving a private wrong involving a contractual relationship").

Finally, Plaintiff fails to satisfy the heightened pleading requirements under Rule 9(b). Claims of material omissions under the CCPA satisfy Rule 9(b) only when "the [c]omplaint alleges the particular information that should have been disclosed, the reason the information should have been disclosed, the person who should have disclosed it, and the approximate time or circumstances in which the information should have been disclosed." *SEC v. Nacchio*, 438 F. Supp. 2d 1266, 1277-78 (D. Colo. 2006). The Amended Complaint fails to meet this standard, as there are no allegations regarding who should have disclosed the purportedly withheld information, when the purportedly withheld information should have been disclosed, or why the particular circumstance required disclosure. *See, e.g., Allbrandt v. Bank of Am., N.A.*, No. 14-cv-01977-CMA-KMT, 2015 WL 1186660, at *5 (D. Colo. Mar. 12, 2015) ("Plaintiffs have failed to allege facts related to [Rule 9(b)] requirements. Therefore, they have failed to state a CCPA claim.")

Accordingly, the Amended Complaint fails to adequately allege a viable claim under the CCPA, and Count II should be dismissed. *See, e.g.*, *Travelers Indem. Co. of Illinois*, 339 F. Supp. 2d at 1133 (dismissing a CCPA claim for failure to state a claim, finding that the claimant failed to allege a deceptive act and significant public impact.).

### B. Monetary Damages Are Not Available Under the CCPA In A Putative Class Action.

The remedies portion of the CCPA applicable to private plaintiffs provides in part:

> ***Except in a class action*** . . . any person who, in a private civil action, is found to have engaged in . . . any deceptive trade practice listed in this article shall be liable in an amount equal to . . .
>
> (a) [t]he greater of:
>
> (I) The amount of actual damages sustained; or
> (II) Five hundred dollars; or
> (III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus
>
> (b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court.

C.R.S. § 6-1-113(2) (emphasis added). Relying on this plain language, courts have held that the CCPA does not permit monetary damages in a private class action. *See Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1219 (D. Colo. 2012) ("The plain and unambiguous language of [Section 6-1-113(2)] compels the conclusion that all of the remedies . . . including actual damages, are not available to classes . . . . By logical extension, the CCPA creates no statutory liability for a defendant in a private class action."); *see also Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-cv-02432-WYD-KMT, 2015 WL 4036319, at *6 (D. Colo. July 1, 2015) (finding that monetary damages are barred in private class actions under the CCPA); *Sweet v.*

10

*Colorado Rockies Baseball Club, Ltd.*, No. 2013-CV-34445, at 4-5 (Colo. Dist. Ct., May 29, 2014) (attached hereto as Ex. A) (holding that a private class action is "clearly precluded" from seeking damages for violation of the CCPA"); *cf. Cuba Soil & Water Conservation Dist. v. Lewis*, 527 F.3d 1061, 1065 (10th Cir. 2008) ("where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it") (internal quotation marks and citation omitted). Accordingly, the Court should dismiss the CCPA claim for monetary relief.

### C. Injunctive Relief Is Not Available Under the CCPA.

The CCPA does not afford injunctive relief in a private action. *See* C.R.S. § 6-1-113(2). Rather, the CCPA provides that only the Attorney General or a District Attorney may pursue injunctive relief as a remedy. *See* C.R.S. § 6-1-109(1)(a) (permitting the Attorney General or District Attorney to apply for an order granting injunctive relief) and § 6-1-110 ("[w]henever the attorney general or a district attorney has cause to believe that a person has engaged in or is engaging in any deceptive trade practice . . . the attorney general or district attorney may apply for and obtain . . . a temporary restraining order or injunction, or both"). Neither the Attorney General nor a District Court is a party to this action. Accordingly, Plaintiff's claim for injunctive relief under the CCPA must be dismissed. *See* Ex. A, *Sweet*, No. 2013-CV-34445, at 5-6 ("the legislature clearly contemplated injunctive relief as an enforcement mechanism, but they chose to provide that mechanism to the Attorney General and the District Attorney and not to aggrieved individuals" and holding that the plaintiff "may not pursue injunctive or declaratory relief in connection with violations of the CCPA"); *see also Friedman*, 2015 WL 4036319, at *4

("where a plaintiff's claim is 'based entirely on [a] legislative enactment', as here, a court may only award remedies authorized by the statute").

### III. PLAINTIFF FAILS TO PLEAD A LEGALLY COGNIZABLE CLAIM FOR STATUTORY OR COMMON LAW BAD FAITH.

Counts I and III of the Amended Complaint should be dismissed for failure to plead a viable claim for either statutory or common law bad faith breach of contract.[5] Under Colorado law, "statutory and common law bad faith claims relating to insurance are similar." *Wagner v. Am. Family Mut. Ins. Co.*, 569 F. App'x 574, 579 (10th Cir. 2014). To establish a statutory bad faith claim (*i.e.*, a violation of C.R.S. §§ 10-3-1115 and 1116), a plaintiff must show that the defendant "denied benefits without a reasonable basis." *See id.*; *see also Glacier Const. Co. v. Travelers Prop. Cas. Co. of Am.*, 569 F. App'x 582, 589-90 (10th Cir. 2014). To prevail on a common law bad faith claim, a plaintiff must not only show that defendant unreasonably denied benefits under the policy, but also that defendant "either knowingly or recklessly disregarded the validity of [plaintiff's] claim." *Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 415 (Colo. 2004); *see also Wagner.*, 569 F. App'x at 579.

Here, Plaintiff strategically pleads only that Nationwide allegedly did not pay a specific dollar amount ($232.09) in ownership taxes and title and registration fees. But the Amended

---

[5] Though Plaintiff attempts to allege statutory and common law bad faith, the Amended Complaint does not include an independent count for breach of contract. *See generally* ECF No. 25. Even if Plaintiff had alleged breach of contract, such claim would fail for the same reasons the bad faith claims fail. Additionally, the Amended Complaint does not identify any provision of the policy that was allegedly breached. *See, e.g., Tatonka Capital Corp. v. Connelly*, No. 16-cv-01141-MSK-NYW, 2016 WL 9344257, at *6 (D. Colo. Dec. 29, 2016) (recommending the dismissal of a breach of contract claim, because the claimant failed to describe what obligations under the contract were not performed.)

Complaint offers no facts to substantiate or justify this amount; no facts to establish that Plaintiff allegedly incurred this amount; no facts regarding any purported demand for this amount; and no facts that Plaintiff ever provided documentation or proof of claim to facilitate calculation and payment of this amount. *See* Ex. B, Nationwide Policy of Melodie Bushman, No. PPGM0052600239-1, Form A1001CO (11-11), at D2 ("Insured Persons' Duties After an Accident or Loss. The Insured will: (1) give us or our agent prompt notice of all losses and provide written proof of claim if required.").[6] Thus, Plaintiff fails to adequately allege that Nationwide unreasonably denied any benefit under the policy, and therefore, Plaintiff fails to state a claim for relief under either statutory or common law bad faith. *See Jemaneh v. Univ. of Wyoming*, 82 F. Supp. 3d 1281, 1300 (D. Colo.), *aff'd*, 622 F. App'x 765 (10th Cir. 2015) ("A complaint will not suffice 'if it tenders naked assertions devoid of further factual enhancement.'") (citation omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678 ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'")).

Further, the Amended Complaint also fails to set forth any facts demonstrating Nationwide's purported knowledge or reckless disregard. *See* ECF No. 25 at ¶¶ 42-43 (offering only conclusory assertions). The common law bad faith breach of contract claim must be dismissed on this ground as well. *See, e.g., Johnson v. Liberty Mut. Fire Ins. Co.*, 648 F.3d

---

[6] Nationwide may attach this policy to its Motion without converting it into one for summary judgment. *See Steele v. Stallion Rockies Ltd*, 106 F. Supp. 3d 1205, 1221 (D. Colo. 2015) ("Defendants may attach the Policy to their Motion to Dismiss without the court converting the Motion into one for Summary Judgment."). For this reason, this Court's Practice Standard III.D.3 does not apply here.

13

1162, 1165 (10th Cir. 2011) (affirming the district court's dismissal of plaintiffs' common law bad faith claim, finding the plaintiffs' allegation that "Liberty Mutual 'knew, or should have known'" was "backed by no well-pleaded facts" and was "hardly enough to state a claim for relief").

Accordingly, Plaintiff fails to adequately allege a claim under either statutory or common law bad faith, and thus, Plaintiff's Counts I and III should be dismissed.

### V.   PLAINTIFF'S REQUEST FOR EXEMPLARY AND PUNITIVE DAMAGES SHOULD BE STRICKEN.

Under Colorado law, "[a] claim for exemplary damages . . . may not be included in any initial claim for relief" and is only allowed "*after* the exchange of initial disclosures . . . *and* the plaintiff establishes prima facie proof of a triable issue." C.R.S. § 13-21-102(1.5)(a) (emphasis added). *Id.* Given the clear prohibition against exemplary damages at this stage in the litigation, Plaintiff's requests for "[e]xemplary and punitive damages" in the Amended Complaint (ECF No. 25 at ¶¶ 34, 44, and Prayer for Relief) are improper, immaterial, and impertinent, and should be stricken. *See Martin*, 2015 WL 5308063, at *1 (relying on C.R.S. Section 13-21-102(1.5)(a) to strike the plaintiffs' claim for exemplary damages.); *see also Klein v. State Farm Fire & Cas. Co.*, No. 08-cv-02264-LTB-MEH, 2009 WL 215369, at *1 (D. Colo. Jan. 29, 2009) ("Plaintiff's request for exemplary damages contained in the prayer for relief in her Complaint and Jury Demand is STRICKEN pursuant to Colo.Rev.Stat. § 13–21–102(1.5)(a)"); *Luciano v. Perez*, No. 06-cv-01284-PSF-PAC, 2007 WL 1306476, at *5 (D. Colo. May 3, 2007) ("Should plaintiff's amended complaint request exemplary damages under C.R.S. § 13-21-102, such request will be subject to a motion to strike by defendant.").

## **CONCLUSION**

For the reasons set forth above, Nationwide respectfully requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) and strike Plaintiff's request for punitive and exemplary damages.

Respectfully submitted this 22nd day of January, 2018.

>*/s/ Lino S. Lipinsky de Orlov*
>Lino S. Lipinsky de Orlov
>DENTONS US LLP
>1400 Wewatta Street, Suite 700
>Denver, CO 80202
>Telephone:  (303) 634-4000
>Email:  lino.lipinsky@dentons.com
>
>Mark L. Hanover
>Kristine M. Schanbacher
>DENTONS US LLP
>233 South Wacker Drive
>Suite 5900
>Chicago, IL 60606
>Telephone:  (312) 876-8178
>Email:  mark.hanover@dentons.com
>kristine.schanbacher@dentons.com
>
>*Attorneys for Defendant Nationwide Agribusiness Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22th day of January, 2018, a true and correct copy of the foregoing **NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND STRIKE ALLEGATIONS OF PUNITIVE AND EXEMPLARY DAMAGES** was electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

Michael Louis Kelly, Esq.
Behram V. Parekh, Esq.
Joshua A. Fields, Esq.
Kirtland & Packard LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
mlk@kirtlandpackard.com
bvp@kirtlandpackard.com
jf@kirtlandpackard.com

Brett N. Huff, Esq.
Huff & Leslie, LLP
2480 Gray Street
Edgewater, CO  80215
bhuff@huffandleslie.com

*/s/ Lino S. Lipinsky de Orlov*
Lino S. Lipinsky de Orlov