UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 17-CV-02277-WJM-MJW

MELODIE BUSHMAN,
on behalf of herself and all others similarly situated,

    Plaintiffs,

v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, an Iowa Corporation;
and DOES 1-10, inclusive,

    Defendants.

_____

**PLAINTIFF'S RESPONSE TO NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE**

## I. INTRODUCTION

Plaintiff Melodie Bushman ("Plaintiff") opposes defendant Nationwide Agribusiness Insurance Company's ("Nationwide") Motion to Dismiss on numerous grounds. Nationwide argues the facts in Plaintiff's First Amended Complaint ("FAC") do not allege unreasonable conduct on its part, as a sophisticated insurer offering automobile policies in Colorado. Nationwide so contends even though C.R.S. § 10-4-639(1), which provides the basis for Plaintiff's statutory bad faith claim (itself brought under C.R.S. § 10-3-1115), mandates automobile insurers such as Nationwide pay *all title fees and any other transfer or registration fee associated with a total loss*. Plaintiff here has alleged Nationwide has not paid such fees. Further, Nationwide attempts to obscure the lines between Plaintiff's statutory and common law

bad faith claims, conflating the two claims even though common law bad faith requires reckless conduct, whereas the statutory bad faith claim only requires the insurer's conduct be unreasonable. A close review of Plaintiff's FAC reveals the elements are met and Plaintiff has adequately alleged both unreasonable and reckless conduct by Nationwide, which, as a sophisticated insurer did not provide the fees mandated by C.R.S § 10-4-639(1) to Plaintiff, despite her claim for total loss. At the very least, the reasonableness inquiry is factual determination which cannot be determined as a matter of law in Nationwide's favor at the motion to dismiss stage.

Nationwide also contends Plaintiff's claim for statutory bad faith under C.R.S. § 10-3-1115(1)(a) is time barred due to a one year statute of limitations Nationwide *claims* applies. In support of this argument, however, Nationwide relies only on non-binding decisions, which previously found in its favor. Furthermore, Nationwide acknowledges the issue of whether a one year statute of limitations applies to claims under C.R.S. § 10-3-1115 has been certified for review to the Colorado Supreme Court. Although the Supreme Court's review is currently in abeyance, Plaintiff believes the review will likely result in *her* favor, and the one year statute of limitations will not apply to C.R.S. § 10-3-1115, based on prior reasoning from the Colorado Court of Appeals.

For Plaintiff's CCPA claim, Nationwide contends Plaintiff has not pled the elements of such a claim, but ignores significant case law where the claim is based on a material omission. Nationwide's argument on the CCPA claim is belied by Plaintiff's allegation she would not have purchased automobile insurance from Nationwide had it disclosed it does not comply with C.R.S. § 10-4-639(1). Further, Nationwide's contention Plaintiff has not pled a public impact

rings hollow, considering Plaintiff pled Nationwide does not disclose to *any* consumers of its insurance it does not pay the statutory mandated fees at issue, and thus sells numerous automobile policies to the public based on such an omission.

For bad faith breach of contract (referred to as the common law bad faith claim), Nationwide simply contends in conclusory fashion Plaintiff's factual allegations do not show its conduct could be unreasonable or reckless. Nothing could be further from the truth. As an established insurer offering automobile policies in Colorado, Nationwide is tasked with understanding Colorado's insurance laws, and its failure to pay mandated fees when tendered a total loss claim is thus in reckless disregard of laws it *must* know. That is both unreasonable and reckless and constitutes bad faith.

## II.   LEGAL STANDARD

In reviewing a motion under Rule 12(b), the Court must accept well-pled allegations as true and construe them in plaintiff's favor. Facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So long as plaintiff offers allegations such that the right to relief is above speculative, he has met the threshold. *See, e.g., Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

"A claim should not be dismissed under Fed.R.Civ.P. 12(b) unless a plaintiff can prove no set of facts in support of his claims which could entitle him to relief." *Fostvedt v. U.S., I.R.S.*, 824 F.Supp.978, 985 (D.Colo. 1993), citing *Tri-Crown, Inc. v. American Federal Sav. & Loan*

*Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990) "The Court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party." *Fostvedt*, 824 F.Supp. at 985. Additionally, "[a]ll of the plaintiff's pleadings must be liberally construed." *Id.* As long as plaintiff alleges facts to support a "legally recognized claim for relief, motions to dismiss must be denied." *Id.*, citing *Hiatt v. Schreiber*, 599 F.Supp.1142, 1145 (D.Colo. 1984)

F.R.C.P. 9(b) "is read in conjunction with the principles of Rule 8, 'which calls for pleadings to be "simple, concise, and direct, … and to be construed as to do substantial justice."'" *HealthONE of Denver, Inc. v. UnitedHealth Group Inc.*, 805 F.Supp.2d 1115, 1119-1120 (D. Colo. 2011), quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). "Additionally, the sufficiency of the complaint must be judged in its entirety rather than in a piecemeal fashion." *Schwartz*, 124 F.3d at 1252.

**III. PLAINTIFF HAS STATED CLAIMS FOR ALL THREE OF HER CAUSES OF ACTION**

The facts behind this case are relatively simple, but that does not mean Plaintiff has not adequately stated claims based on those facts as alleged. Nationwide contends Plaintiff has not set forth the elements of her claims for Violations of C.R.S. § 10-3-1115 and Bad Faith Breach of Insurance Contract. Nationwide's argument improperly blurs the lines between the statutory bad faith claim and the common law bad faith claim, however, calling them similar even though the additional recklessness element is required for the common law claim. Nationwide's statutory mandate under C.R.S. § 10-4-639(a) is clear, and Plaintiff has properly alleged Nationwide did not meet its obligations based on that mandate. A close review of the FAC reveals Nationwide's conduct in delaying and/or denying payments under C.R.S. § 10-3-1115,

for Plaintiff's total loss claim, is both unreasonable (to state her statutory bad faith claim) and also reckless (to state her common law bad faith claim).

Nationwide also contends Plaintiff's claim under C.R.S. § 10-3-1115 is time-barred, even though it admits the question of the applicable statute of limitations is currently up for review and no binding decision exists. Reasoning from prior Court of Appeals decisions supports that a one-year statute of limitations does not apply to this claim, however. Further, the discovery rule applies, involving factual questions not properly decided at the motion to dismiss stage. As for Plaintiff's CCPA claim, she has pled a material omission during the sale of insurance and for that reason has stated a claim under the CCPA based on an omission. This is especially when all reasonable inferences are construed in Plaintiff's favor, as they must be on this motion.

### A. Plaintiff Stated Her Claim for Statutory Bad Faith (Violation of C.R.S. § 10-3-1115, *et seq.*)

This case involves a matter of first impression: the meaning and scope of C.R.S. § 10-4-639 which mandates "[a]n insurer **shall** pay title fees, sales tax, and any other transfer or registration fee associated with the total loss of a motor vehicle." (Emphasis added) C.R.S. § 10-4-639 is an unambiguous statute which makes clear fees insurers **must** pay in the event an insured's vehicle is a total loss during the coverage period, including any transfer or registration fee. Plaintiff has alleged she incurred numerous fees falling within the statute's purview, that she made a claim for a total loss to Nationwide, and that it did not pay her the statutory mandated fees. Nationwide claims Plaintiff's FAC "offers no *substantiation or justification* for" the amounts she alleges she incurred, but that is not proper argument for a motion to dismiss, where all allegations must be accepted as true. (Doc. 34 at 3; *see Fostvedt*, 824 F.Supp. at 985.)

Plaintiff pleads she incurred $232.09 in ownership taxes and title and registration fees

related to a Hyuandai she leased and drove in the 2016 calendar year, which was a total loss. (*See* Doc. 25 at 3) In an email dated September 12, 2017, summarizing the total loss payment, Nationwide included only a $9.50 payment for unspecified "Tag/Title Fees." (Doc. 25-2 at 1) Plaintiff alleges Nationwide did not pay her statutory mandated ownership taxes and title and registration fees associated with the total loss of the Hyuandai vehicle, pursuant to C.R.S. § 10-4-639, and thereby unreasonably delayed or denied paying Plaintiff pursuant to CC.R.S. § 10-3-1115 (which requires insurers not unreasonably delay or deny payment of a claim for benefits owed). (Doc. 25 at 8-9) This is sufficient pleading under *Iqbal/Twombly*. *Bell Atlantic Corp.*, 550 U.S. at 555, 570; *Ashcroft*, 556 U.S. at 678.

Despite Plaintiff's allegations, Nationwide claims Plaintiffs' FAC is "devoid of supporting factual allegations," "offers no facts to substantiate or justify" the amount in fees set forth, and offers "no facts to establish that Plaintiff allegedly incurred this amount…" (Doc. 34 at 3, 13) Plaintiff's FAC acknowledges the unspecified $9.50 "Tag/Title Fees" payment by Nationwide for the loss of the Hyuandai. (Doc. 25-2 at 1) However, neither the April 14, 2016 letter nor the September 12, 2017 email summary from Nationwide includes line items which *specifically* identify ownership taxes and title and registration fees being paid. (*See* Doc. 25-1, 25-2) Plaintiff's allegations include hundreds of dollars incurred in ownership taxes and title and registration fees incurred on the vehicle she registered in 2016. Thus, Nationwide's contention it paid unexplained fees amounting to $9.50 for "'Tag/Title" fees falls short of the full amount of fees Plaintiffs incurred, *even if* those fees were title and registration fees. (Doc. 34 at 3) As C.R.S. § 10-4-639 makes clear, Plaintiff is entitled to recover any title and registration fees and any other transfer fees, i.e. ownership taxes, associated with the total loss. When all

reasonable inferences are drawn in her favor, as they must be, Plaintiff adequately alleged entitlement to fees and Nationwide's unreasonable failure to pay them.[1] *Fostvedt*, 824 F.Supp.at 985. Plaintiff pled injury (i.e. her fees incurred greatly exceed compensation by Nationwide which could be related), and corresponding entitlement to fees.

Nationwide raises the issue of what exact amount of fees Plaintiff incurred which she seeks to recover. (*See* Doc. 34 at 3, stating "the Amended Complaint offers no substantiation or justification for this amount.") Plaintiff has alleged she incurred $232.09 in ownership taxes and title and registration fees but asserts, in terms of her *damages*, she does not seek fees back for the time she enjoyed the insured vehicle during the registration period prior to the loss. The construction of C.R.S. § 10-4-639, its scope, and how it is implemented appear to be matters of first impression. Thus, the manner in which C.R.S. § 10-4-639(1) works in the real world has not been formally decided as a matter of law previously by any court decision. Undoubtedly, C.R.S. § 10-4-639(1) does mandate insurers pay numerous fees associated with a total vehicle loss, and Plaintiff has alleged fees incurred.

To be clear, in terms of damages, Plaintiff seeks the pro-rata amount of ownership taxes and title and registration fees related to her totaled vehicle.[2] For putative class members who purchased a replacement vehicle, an alternative theory of recovery would be the total amount of ownership tax and title and registration fees related to a replacement vehicle purchased, minus a

---

[1] Nationwide's claim the FAC contains "no facts regarding any purported demand" for the ownership taxes and title and registration fees is also unavailing. (Doc. 34 at 13) Plaintiff tendered a claim for a *total vehicle loss*, which C.R.S. § 10-4-639 specifically covers. Indeed, even Nationwide has characterized Plaintiff's claims as involving "first party total loss vehicle insurance claims." (Doc. 34 at 2)

[2] "Pro-rata" means fees (ownership taxes, title and registration fees, and any other transfer fees) for the period of the year after an event resulting in a totaled vehicle.

credit from the DMV, if any. In the absence of a total loss of their motor vehicles, Plaintiff and/or putative class members would not have incurred each of these categories of fees. Ultimately, it will be up to the trier of fact to determine the most appropriate form of relief, but granting a motion to dismiss on the grounds articulated is not appropriate. If the Court is concerned the pleading is unclear, however, Plaintiff can amend and plead the time period she incurred the registration and other fees, and, in light of the date of the total loss, calculate an estimate of the first theory based on a pro-rata division within the year, and requests leave to do so if necessary.

The FAC alleges conduct which violates C.R.S. § 10-4-639 and C.R.S. § 10-3-1115. As a sophisticated insurer offering automobile insurance policies in Colorado, Nationwide's failure to pay the title and registration fees and any other transfer fees owed to Plaintiff under C.R.S. § 10-4-639 was clearly unreasonable. (Doc 25 at 3-5, ¶¶ 8-14, 41) Nationwide's conduct as a sophisticated insurer was clearly not "appropriate under the circumstances," and no "reasonable insurer under the circumstances" would have withheld payments to its insureds for the statutorily mandated fees. *Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 415 (Colo. 2004) At the very least, whether or not Nationwide's failure to pay was unreasonable under C.R.S. § 10-3-1115 is a question of fact not properly decided at the motion to dismiss stage. *See Sipes v. Allstate Indem. Co.*, 949 F.Supp.2d 1079, 1084-85 (D. Colo. 2013) (recognizing that the burden on the statutory bad faith claim is less onerous than on common law bad faith and holding fact issues on reasonableness inquiry precluded summary judgment.)

**B.      Nationwide's Reliance on a One Year Statute of Limitations is Misguided**

Nationwide contends Plaintiff's claim under C.R.S. § 10-3-1115 should be dismissed based on a one-year statute of limitation. (*See* Doc. 34 at 5-7) Nationwide states "[c]ourts applying the *Kruse* test have found statutory bad faith to be a 'penalty statute' subject to the one-year statute of limitations." (*Id.*, at 5) The decisions Nationwide then cites to are non-binding Colorado District Court decisions which have held a one-year limitations period applies. (*See* Doc. 34 at 5-6, citing, *e.g.*, *Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 14-cv-03076-RBJ, 2013 WL 6633392, at *3 (D. Colo. Dec. 16, 2013; Doc. 34 at 6, citing *Hernandez v. Am. Standard Ins. Co. of Wisconsin*, No. 11-cv-03076-RBJ, 2013 WL 6633392, at *4-5 (D. Colo. Dec. 16, 2013)) However, Nationwide's motion also acknowledges the issue of whether a one-year statute of limitations applies to such claims has been taken up by the Colorado Supreme Court, in *Rooftop Restorations, Inc. v. Am. Family Mut. Ins. Co.*, No. 2017SA31 (Colo. Mar. 3, 2017) so the application of a one-year statute of limitations is uncertain at this time. (*See* Doc. 34 at 3, fn. 2) Plaintiff anticipates, based on reasoning previously articulated by Colorado Courts of Appeal, this issue will be decided in her favor.

Nationwide argues a number of federal courts have considered this issue and found C.R.S. § 10-3-1115 (i.e. statutory bad faith) is subject to the one-year statute of limitation. However, the point of the Colorado Supreme Court's review of the issue, and certification of the issue as to whether the one year statute applies to this Colorado state law claim by *Rooftop Restorations, Inc. v. Am. Family Mut. Ins.*, No. 15-cv-2560-WJM-MJW, 2017 WL 514060 at *2 (D.Colo. February 8, 2017 ), is that the issue is undecided in Colorado. Furthermore, as *Rooftop Restorations, Inc.* specifically stated, referencing District Court decisions Nationwide relies on, "*language and analysis in recent Colorado Court of Appeals opinions casts doubt upon earlier*

*decisions of this Court*" holding the statute is penal in nature. *Rooftop Restorations, Inc. v. Am. Family Mut. Ins.*, No. 15-cv-2560-WJM-MJW, 2017 WL 514060 at *2 (D.Col. February 8, 2017) (Emphasis added) Indeed, the Colorado Appeals Court decisions referred to in *Rooftop Restorations* have actually held that the Colorado bad faith statute is *not* penal in nature, but instead remedial (which would not support application of a one-year statute of limitations defense). This is completely contrary to the reasoning Colorado District Courts have applied in the past to determine a one year statute of limitations applies. For example, *Casper v. Guarantee Trust Life Ins. Co.* stated, "[W]e disagree that the statute is penal and instead conclude that section 10-3-1116 is remedial in nature." *Casper v. Guarantee Trust Life Ins. Co.*, 2016 WL 6803070 at *10 (Colo. App. Dec. 15, 2016), *cert. granted*, No. 17SC2, 2017 WL 2772221 at *1.[3] *Casper* held that, "Section 10-3-1116 expanded the causes of action against insurance companies and provided for additional remedies." *Id*. As such, the Court held the statute is *remedial* in nature and therefore *not penal* because it provides for additional remedies to insureds.[4]

*At best*, it is uncertain how Colorado' Supreme Court will rule on whether a one-year statute of limitations applies to claims brought pursuant to C.R.S. § 10-3-1116 in *Rooftop Restorations*. Colorado courts have found the statute to be remedial in nature and therefore, the

---

[3] *Casper* is currently up for review on the issue of whether attorney's fees under C.R.S. § 10-3-1116 are calculated as part of actual damages for purposes of determining punitive damages under 13-21-102, C.R.S. *Casper*, 2017 WL 2772221 at *1.

[4] *Casper* found the reasoning in *Stresscon Corp v. Travelers Prop. Cas. Co.* persuasive. *Stresscon* held "section 10-3-1116 was enacted as a remedial measure, intended 'to curb perceived abuses in the insurance industry.'" *Stresscon Corp v. Travelers Prop. Cas. Co.*, 373 P.3d 615, 629, 640. (citation omitted). Further, the Court held that the statute has a compensatory purpose and is not a penalty. *Id*.

reasoning of the District Courts is clearly in question. *See, e.g.,* Doc. 34 at 5, relying on *Gerald H. Phipps, Inc.*, 2013 WL 6633392, at *4-5 (*because* C.R.S. § 10-3-1116 involves statutory *penalty* claims under it have a one year statute of limitations.) If reasoning from the Colorado appellate decisions are any indication, the *Rooftop Restorations* decision from Colorado's Supreme Court is more likely to be in Plaintiff's favor and a one-year statute of limitation likely will not apply. Plaintiff submits this Court should find the one-year statute of limitations does not apply as the statute is remedial in nature according to Colorado Courts of Appeal. *See Casper*, 2016 WL 6803070 at *10 ; *Stresscon Corp*, 373 P.3d at 629, 640.

Additionally, "[a] bad faith claim accrues when both the nature of the injury and its causes are known or should be known through the exercise of reasonable diligence." *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008). Thus, at this stage, even if the Court determines a one-year statute of limitations applies, factual questions as to when the claim accrued and the statute began to run preclude granting a motion to dismiss on that issue.

**C.     Plaintiff Stated Her Claim for Bad Faith Breach of Insurance Contract**

To state a claim for bad faith breach of insurance contract, a plaintiff must allege: (1) the insurer acted unreasonably under the circumstances (2) with knowledge or reckless disregard of the validity of the insured's claim and (3) plaintiff suffered damages as a result. See *Curtis v. State Farm Mut. Auto ins. Co.*, 621 F. Supp. 2d 1122, 1129 (D. Colo. 2008).

The FAC alleges conduct which violates C.R.S. § 10-4-639 and C.R.S. § 10-3-1115, and is not only unreasonable (as set forth above) but also in reckless disregard of the rights of Nationwide's insureds. Nationwide unreasonably failed, in violation of C.R.S. § 10-4-639, to reimburse Plaintiff, for ownership taxes and title and registration fees incurred as a result of a

total vehicle loss. (Doc 25 at 3-5, ¶¶ 8-14, 41) Statutory mandates of C.R.S. § 10-4-639 and C.R.S. § 10-3-1115 are unequivocal – Nationwide has an obligation to timely pay insureds fees falling within C.R.S. § 10-4-639. As Plaintiff alleged, "as an established automobile insurer offering policies in Colorado," Nationwide's alleged conduct is clearly unreasonable. (Doc. 25 at 11, ¶ 41) Nationwide's conduct was clearly not "appropriate under the circumstances," and no "reasonable insurer under the circumstances" would have withheld payments to its insureds for the statutorily mandated fees. *Goodson*, 89 P.3d at 415.

Plaintiff has alleged Nationwide recklessly disregarded the validity of the portion of Plaintiff's total loss claims which included ownership taxes, title and registration fees, by failing to make the payments. (Doc. 25 at 10, ¶¶ 42-43). As an established automobile insurer, Nationwide is tasked with understanding laws and statutes applicable to its policies. Where insureds make claims to Nationwide based on the total loss of their vehicles, such as Plaintiff alleged here, Nationwide's failure to timely make payment for ownership taxes and title and registration and any other fees under § 10-4-639 and C.R.S. § 10-3-1115 is in reckless disregard of the express mandates of those statutes. *Goodson*, 89 P.3d at 414. As a sophisticated insurer operating in Colorado, Nationwide knew or should have known of both § 10-4-639 and C.R.S. § 10-3-1115. Despite this, Nationwide failed to make payments in reckless disregard for the validity of that portion of Plaintiff's total loss claim.

Plaintiff has alleged entitlement to fees, i.e. she was economically injured by Nationwide's conduct. Plaintiff would have been reimbursed for the fees she incurred had Nationwide not violated C.R.S. § 10-4-639(a). (Doc. 25 at 3-4, ¶¶ 10-14). Therefore, Plaintiff has sufficiently alleged damages resulting from Nationwide's conduct.

### D. Plaintiff Has Stated Her Claim for Violation of the CCPA

The CCPA "'was enacted to regulate commercial activities and practices, which because of their nature, may prove injurious, offensive, or dangerous to the public.'" *HealthONE of Denver, Inc.*, 805 F.Supp.2d at 1119-1120, quoting *Rhino Linings USA Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146 (Colo. 2003) "The CCPA should be liberally construed to serve its broad purpose and scope." *HealthONE of Denver, Inc.*, 805 F.Supp.2d at 1119-1120. To prove a cause of action based on an omission, a plaintiff must show: (1) the defendant failed to disclose information concerning goods or services to consumers; (2) the defendant knew this information at the time of the advertisement or sale of the goods or services; (3) the non-disclosed information was material; (4) the defendant did not disclose this information with the intent to induce the consumer into the transaction. *Warner v. Ford Motor Co.*, No. 06-cv-02443-JLK-MEH, 2008 WL 4452338 at *7, 9 (D. Colo. September 30, 2008).

Nationwide contends "[t]he Amended Complaint neither pleads any facts concerning the *advertisement or sale* of the Nationwide insurance policy..." (Doc. 34 at 8) That is not the case. Plaintiff specifically alleged:

> failing to disclose material information about the automobile insurance policies it provided to Plaintiffs… i.e. by failing to disclose Nationwide did not, as a uniform business practice, pay ownership tax and title and registration fees associated with a total vehicle loss.

(Doc. 25 at 9, ¶ 38)[5] For the next element, a reasonable inference from facts in Plaintiff's FAC alleging Nationwide is a sophisticated insurer offering policies in Colorado is Nationwide knew

---

[5] A reasonable inference is Nationwide failed to make such a disclosure during the sale of the insurance to Plaintiff. *Fostvedt*, 824 F.Supp. at 985.

of the statutory mandates of § 10-4-639 and C.R.S. §10-3-1115 (but recklessly disregarded them). Further, Plaintiff's allegation she and putative class members "paid for insurance services they otherwise would not have had the truth been disclosed" to them, shows the representations during the sales were material. (Doc. 25 at 10, ¶ 39; *see also Warner*, 2008 WL 4452338 at *7, 9) (recognizing failure to disclose material information supports CCPA claim, and statute is construed broadly to meet intended purpose.)

For the final element, Colorado's Supreme Court held the CCPA should be construed broadly, and, under that guise, "any failure to disclose that is intended to induce consumers to enter into transactions to be actionable as a deceptive trade practice under the CCPA." *Warner*, 2008 WL 4452338 at *9, citing *Crowe v. Tull*, 126 P.3d 196 (2006). Based on the broad construction of the CCPA, Nationwide's intent can be construed from Plaintiff's allegations and its knowledge of the statutes, as well as the material aspect of the non-disclosure, and all elements of Plaintiff's CCPA claim are thus met.[6]

Nationwide argues Plaintiff cannot maintain class-wide claims for monetary relief under the CCPA. (*See* Doc. 34 at 10-11) C.R.S. § 6-1-113(2) provides:

> Except in a class action …, any person who, in a private civil action,
> [is found liable] shall be liable in an amount equal to the sum of:
> **(a) the greater of:**
> (I)     the amount of actual damages sustained;
> (II)    five hundred dollars; or
> (III)   Three times the amount of actual damages sustained
>        [in cases of bad faith conduct]; plus

---

[6] Nationwide argues "Plaintiff also fails to allege that Nationwide's purported omission 'significantly impacts the public.'" (Doc. 34 at 8) Plaintiff alleged throughout the FAC that she and all of the putative class members have losses as a result of Nationwide failing to pay them the statutorily mandated fees, and if not expressly by implication that they and the public are significantly impacted by Nationwide's conduct.

(b) … the costs of the action together with reasonable attorney's fees.

Nationwide relies on non-binding decisions which found no such relief available. For example, Nationwide cites *Martinez v. Nash Finch Co.*, 886 F. Supp.2d 1212, 1219 (D. Colo. 2012) to contend "'[t]he plain and unambiguous language of [Section 6-1-113(2)] compels the conclusion that all of the remedies … including actual damages, are not available to classes …'" (Doc. 34 at 10, citing *Martinez*, 886 F. Supp.2d at 1219) Other interpretations are available, however, and the plain language of the statute, viewed in light of prior comments from the Colorado Court of Appeal, actually supports *Plaintiff's* position monetary damages are available class-wide under the CCPA. Indeed, one interpretation of C.R.S. § 6-1-113(2) Plaintiff posits is that the **"greater than"** language contained therein means just what it says – in a class action a plaintiff cannot obtain the *greater* of the potential alternative remedies listed (but are not necessarily precluded from obtaining some of them, such as actual damages). (Emphasis added) This interpretation is more persuasive when considered in light of *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274, 278 (Colo. App. 1993), which although it refers to a prior version of the statute, states it "does not preclude class members from bringing an action for actual damages."

### E. Plaintiff Does Not Oppose Nationwide's Motion to Strike Allegations of Punitive and Exemplary Damages

Plaintiff does not concede that a plaintiff cannot include allegations of punitive and exemplary damages in an initial complaint and/or prior to the initial disclosures *when the complaint is filed in federal district court.* However, for the purposes of this opposition only, Plaintiff does not oppose Nationwide's request pursuant to FRCP Rule 12(f) to strike the punitive and exemplary damages claims in her FAC only.

Plaintiff requests leave to amend to address any deficiencies the Court may find.

DATED this 12th day of February, 2018.

                                              Respectfully submitted,

*/s/ Joshua A. Fields*
Michael Louis Kelly
Behram V. Parekh
Joshua A. Fields
KIRTLAND & PACKARD, LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
Tel: (310) 536-1000; Fax (310) 536-1001

*And*
Brett N. Huff
Huff & Leslie LLP
2480 Gray Street
Edgewater, Colorado 80214
Tel: (303) 232-3622; Fax: (303) 274-0638
bhuff@huffandleslie.com
Colorado Bar No. 32071

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendant Nationwide Agribusiness Insurance Company's Motion to Dismiss and Motion to Strike was served upon all counsel of record for Defendant via EM/ECF this 12th day of February, 2018 as follows:

Lino S. Lipinsky de Orlov, Esq.

Mark L. Hanover, Esq.
Kristine M. Schanbacher, Esq.

*Attorneys for Defendant Nationwide
Agribusiness Insurance Company*

                                                    *Original duly signed and on file at the offices of Kirtland & Packard, LLP*

                                                    */s/ Joshua A. Fields*