IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2277-WJM-NRN

MELODIE BUSHMAN, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, an Iowa Corporation, and DOES 1–10 inclusive,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

In this putative class action, Plaintiff Melodie Bushman ("Bushman") sues Defendant Nationwide Agribusiness Insurance Company ("Nationwide") for its alleged systemic failure to pay certain amounts that a Colorado statute requires insurers to pay when insureds' motor vehicles are declared a total loss. Currently before the Court is Nationwide's Motion to Dismiss Plaintiff's First Amended Class Action Complaint and Strike Allegations of Punitive and Exemplary Damages ("Motion to Dismiss"). (ECF No. 34.) For the reasons explained below, the Court finds that Bushman has failed to plausibly plead a central fact on which her recovery relies, and so the Court will grant the Motion to Dismiss on that basis and deny it without prejudice on all other bases. The Court will also grant Bushman leave to amend.

Also before the Court is Nationwide's Rule 72 Objections to the Magistrate Judge's Order on Nationwide's Motion to Stay. (ECF No. 57.) Because the purported basis for a stay no longer exists, this objection will be overruled as moot.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the [claimant's] well-pleaded factual allegations and view them in the light most favorable to the [claimant]." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint [or counterclaim] contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint [or counterclaim] may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II. BACKGROUND

The Court draws the following allegations from the First Amended Complaint ("complaint") (ECF No. 25), and the Court assumes them to be true for present purposes.

Sometime in 2016 or earlier, Bushman leased a Hyundai automobile. (*Id.* ¶ 10.) Bushman "incurred an estimated $232.09 in ownership taxes and title and registration fees" related to that vehicle. (*Id.*)

On March 23, 2016, Bushman's Hyundai was in an accident. (*Id.* ¶ 11.) At that

2

time, the vehicle was covered by a Nationwide policy that provided total-loss coverage. (*Id.* ¶ 9.) Nationwide soon determined that the Hyundai was, indeed, a total loss. (*Id.* ¶ 12.) Nationwide adjusted the claim and, as part of that adjustment, reimbursed Bushman for $9.50 in "Tag/Title Fees." (*Id.* ¶ 14.)

Bushman claims that Nationwide has violated Colorado Revised Statute § 10-4-639(1), which provides, "An insurer shall pay title fees, sales tax, and any other transfer or registration fee associated with the total loss of a motor vehicle." In other words, although she does not explicitly say so, she appears to claim that the $9.50 reimbursement for "Tag/Title Fees" did not satisfy the statute's obligation. (*See* ECF No. 25 ¶ 14 ("To date, Nationwide has not paid the policyholder, Ms. Bushman, the total amount of any ownership tax and title and registration fees associated with the total loss of the Hyundai." (capitalization normalized)).) Bushman alleges on information and belief that Nationwide has similarly underpaid other insureds who suffered a total loss, and so seeks to certify this lawsuit as a class action. (*Id.* ¶¶ 15–25.)

### III. ANALYSIS

Bushman's specific claims for relief are as follows:

1. violation of Colorado Revised Statutes §§ 10-3-1115 & -1116, which prohibits unreasonable delay or denial of insurance benefits owed;

2. violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. §§ 6-1-101 *et seq.*; and

3. common-law bad faith breach of insurance contract.

(*Id.* at 8–11.) Defendant challenges all of these claims for various reasons. The Court finds that only one of those challenges is ripe for resolution.

The Motion to Dismiss argues that Bushman "strategically pleads only that Nationwide allegedly did not pay a specific dollar amount ($232.09) in ownership taxes and title and registration fees. But the [complaint] offers no facts to substantiate or justify this amount . . . ." (ECF No. 34 at 12–13.) In response, Bushman provides a rather significant clarification:

> Plaintiff has alleged she incurred $232.09 in ownership taxes and title and registration fees but asserts, in terms of her *damages*, she does not seek fees back for the time she enjoyed the insured vehicle during the registration period prior to the loss. . . . [¶] To be clear, in terms of damages, Plaintiff seeks the pro-rata amount of ownership taxes and title and registration fees related to her totaled vehicle.

(ECF No. 51 at 7 (emphasis in original).) In reply, Nationwide argues that under this clarified theory, the complaint lacks sufficient factual material to show that Nationwide did not fulfill its statutory obligation to Bushman because the complaint "does not specify the date on which Plaintiff last paid her annual registration fees; does not specify the amount allegedly paid for those registration fees; [and] does not specify the date when those registration fees would allegedly be subject to renewal." (ECF No. 56 at 3–4.)

Under these specific circumstances, the Court agrees with Nationwide that Bushman has failed to state a claim. For two reasons, actually, the complaint does not say enough to plausibly suggest that the $9.50 reimbursement was less than required by statute—and if it is not less than required by statute, all of Bushman's claims fail.

The first reason is that articulated by Nationwide. Depending on when Bushman's yearly registration fee would have come due, $9.50 might have been an accurate pro rata amount. Bushman pleads no facts to suggest otherwise.

The second reason arises from U.S. Magistrate Judge Michael E. Hegarty's report and recommendation regarding a motion to dismiss filed in a similar case against

4

GEICO, presided over by U.S. District Judge Christine M. Arguello, *Pearson et al. v. GEICO Casualty Company*, Civil Action No. 17-cv-2116 ("*Pearson*"). *Pearson*, filed by the same attorneys that represent Bushman in this lawsuit, accuses GEICO of the same type of underpayment at issue here. In a report and recommendation that Bushman brought to the undersigned's attention (*see* ECF No. 63), Judge Hegarty recommended, among other things, dismissing the plaintiffs' claims to the extent they sought reimbursement of ownership taxes. (*Pearson*, ECF No. 44 at 12.) Judge Hegarty reasoned that the statute in question only refers to "title fees, sales tax, and any other transfer or registration fee associated with the loss of a motor vehicle." Colo. Rev. Stat. § 10-4-639(1). Conspicuously absent is "ownership tax," which is a yearly tax calculated separately from title fees, sales tax, transfer fees, and registration fees. (*See Pearson*, ECF No. 44 at 8–10 (citing the statutes relevant to each type of fee or tax).)[1]

The Court will not, in this posture, import Judge Hegarty's recommendation into this case. However, his analysis is persuasive enough to raise a serious question whether ownership tax—which conceivably comprises the bulk of the $232.09 for which Bushman seeks pro rata reimbursement—may be considered a part of Nationwide's obligation under § 10-4-639(1). If not, then the need for a proper pro rata estimate of damages is all the more apparent.

This is especially important given Bushman's hope to certify this lawsuit as a class action. It should be established as early as possible that she has suffered an injury before she seeks to represent others who have allegedly suffered the same injury.

The Court recognizes that Judge Hegarty recommended denial of the motion to

---

[1] Judge Arguello adopted Judge Hegarty's recommendation in relevant part on clear error review, no party having objected. (*Pearson*, ECF No. 48.)

5

dismiss in the *Pearson* case despite a similar pleading problem, reasoning that "at this early stage of the litigation . . . Plaintiffs' allegations plausibly state they have been damaged by Geico's failure to pay the fees required by [statute]." (*Pearson*, ECF No. 44 at 12.)  But *Pearson*'s facts are materially distinguishable.  There, the plaintiffs totaled two different vehicles in the same year but were reimbursed precisely the same amount ($26.50) in "State and Local Regulatory Fees" for both vehicles, thus suggesting that GEICO calculated the reimbursement based on something other than actual fees paid.  Here, no similar circumstance exists.

For all these reasons, the Court concludes that Bushman fails to plausibly plead injury under any of her three claims for relief.  The Court will grant Bushman leave to file a second amended complaint to attempt to cure this defect.  Bushman would be well advised to allege an estimated pro rata amount of damages both inclusive and exclusive of ownership tax.  If Bushman files a second amended complaint, Nationwide may file a new motion to dismiss challenging any new allegations (presumably, allegations based on the pro rata estimate of damages) and/or re-raising any matter in the current Motion to Dismiss, not moot, that the Court has not ruled upon.

## IV.  RULE 72(a) OBJECTION

On the same day Nationwide filed the Motion to Dismiss, it filed a Motion to Stay. (ECF No. 35.)  The Motion to Stay argued that all proceedings should be stayed pending the Colorado Supreme Court's resolution of whether an action under Colorado Revised Statutes §§ 10-3-1115 & -1116 (*i.e.*, Bushman's first claim for relief) is subject to a one-year statute of limitations.  (*See generally id.*)  The Court referred that motion to U.S. Magistrate Judge Michael J. Watanabe (since retired), who denied it.  (ECF

6

No. 53.) Nationwide objected to that denial under Federal Rule of Civil Procedure 72(a). (ECF No. 57.) About three months later, the Colorado Supreme Court decided the question (*see* ECF No. 62), thus mooting the basis for the Motion to Stay and the Rule 72(a) objection. The objection will therefore be overruled as moot.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Nationwide's Motion to Dismiss (ECF No. 34) is GRANTED on the question of whether Bushman has plausibly pleaded injury, and is otherwise DENIED WITHOUT PREJUDICE as moot;

2. Bushman is GRANTED LEAVE to file a second amended complaint on or before **October 5, 2018**;

3. Should Bushman timely file a second amended complaint, Nationwide shall have 14 days from the filing of the second amended complaint to answer or otherwise respond; and

4. Nationwide's Rule 72 Objections to the Magistrate Judge's Order on Nationwide's Motion to Stay (ECF No. 57) is OVERRULED AS MOOT.

Dated this 20th day of September, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge