Michael Louis Kelly–California State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh–California State Bar No. 180361
bvp@kirtlandpackard.com
Joshua A. Fields–California State Bar No. 242938
jf@kirtlandpackard.com
**KIRTLAND & PACKARD LLP**
1638 South Pacific Coast Highway
Redondo Beach, California 90277
Tel: (310) 536-1000; Fax: (310) 536-1001

Brett N. Huff - CO State Bar No. 32071
bhuff@huffandleslie.com
Huff & Leslie, LLP
2480 Gray Street
Edgewater, Colorado 80214
Telephone: (303) 232-3622
Facsimile: (303) 274-0638

*Counsel for Plaintiff Melodie Bushman,
and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

| | |
|---|---|
| MELODIE BUSHMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, an Iowa Corporation, and DOES 1-10, inclusive,<br><br>Defendants.<br>_____ | Case No. 17-cv-02277-WJM-NRN<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**1: Violation of Colorado Revised Statutes ("C.R.S.") § 10-3-1115, *et seq.* (unreasonable delay/denial of payment for benefits owed by insurer)**<br><br>**2: Bad Faith Breach of Insurance Contract**<br><br>**3: Breach of Contract**<br><br>**4: Breach of the Duty of Good Faith and Fair Dealing**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MELODIE BUSHMAN ("MS. BUSHMAN" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges the following:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy for Plaintiff exceeds $75,000, including statutory attorney's fees, exclusive of interest and costs, and Plaintiff is a citizen of a different state than the Defendant. *See* 28 U.S.C. § 1332(a)(1). The Court has supplemental jurisdiction over the claims of the absent class members. 28 U.S.C. § 1367.

2. This Court also has personal jurisdiction over Defendants because Defendants are authorized to do business, and currently do business, in this state.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant NATIONWIDE AGRIBUSINESS INSURANCE COMPANY ("NATIONWIDE") has conducted business in this District and is subject to personal jurisdiction and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4. Plaintiff, MS. BUSHMAN, at all relevant times herein, was and is a citizen and resident of the State of Colorado. MS. BUSHMAN obtained automobile insurance from NATIONWIDE which covered the 2016 calendar year, for a 2011 HYUNDAI SONATA GLS ("HYUNDAI") personal automobile she purchased.

5. Defendant NATIONWIDE is an Iowa corporation, with its corporate headquarters located in the State of Iowa. NATIONWIDE also conducts a substantial amount of business nationwide, including in Colorado.

6. Plaintiff is unaware of the true names and capacity of the defendants sued as DOES 1-10, and therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this Complaint when and if the true identities of these DOE defendants

2

are discovered. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiff and the Class as herein alleged, and is thus liable for Plaintiff's and the Class's injuries.

7. At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining defendant.

## **PRELIMINARY ALLEGATIONS**

8. This action arises out of NATIONWIDE's practice of unlawfully failing to pay its insureds–specifically holders of NATIONWIDE automobile insurance policies–certain statutory mandated fees in the event an automobile accident or other event results in a total loss determination by NATIONWIDE for the insured's vehicle.  The specific statutory fees NATIONWIDE uniformly fails to pay as part of its normal business practices are mandated by Colorado Revised Statutes ("C.R.S.") § 10-4-639(1), and include, without limitation, ownership tax and title and registration fees associated with a motor vehicle's total loss.

9. MS. BUSHMAN obtained automobile insurance from NATIONWIDE which covered the 2016 calendar year, for the HYUNDAI personal automobile she owned during that time period.  The policy provided for coverage in the event of total loss of the motor vehicle.

10. On November 18, 2015, MS. BUSHMAN incurred $9.40 in title fees, $123.88 in yearly registration fees, and $99.52 in ownership taxes upon registering the HYUNDAI.

The registration MS. BUSHMAN obtained for the HYUNDAI on November 18, 2015 would have expired on November 30, 2016.

11. On March 23, 2016, Plaintiff's HYUNDAI was in an accident. Subsequently, MS. BUSHMAN submitted a claim to NATIONWIDE based on the insurance policy she had obtained from NATIONWIDE for the HYUNDAI.

12. In a letter dated April 14, 2016, NATIONWIDE informed MS. BUSHMAN the amount it would agree to pay for the claim. NATIONWIDE apparently determined during its investigation the HYUNDAI was a total loss as a result of the accident. The April 14, 2016 letter related to the total loss of the HYUNDAI is attached hereto as Exhibit '1'.

13. Subsequently, in a September 12, 2017 email, NATIONWIDE provided MS. BUSHMAN with an accounting of the insurance benefits it had paid her and the lien holder in light of the total loss. The September 12, 2017 email related to the total loss of the HYUNDAI is attached hereto as Exhibit '2'.

14. As stated in the September 12, 2017 email, NATIONWIDE did not agree to pay MS. BUSHMAN the total amount of ownership tax and title and registration fees associated with the total loss of the HYUNDAI (i.e. the pro-rata amount of ownership taxes and title and registration fees incurred on the totaled vehicle, for the remaining unused portion of the yearly registration period). Plaintiff had used the HYUNDAI for 126 days after the November 18, 2015 registration date until the March 23, 2016 accident. The yearly registration period from November 18, 2015 was 365 days plus an additional 12 days until the November 30, 2016 expiration date, for a total of 377 days. Thus, Plaintiff used the HYUNDAI for 33.4% of the yearly registration period. The unused 66.6% of the yearly registration fees, which amounts to $82.50, the unused 66.6% of the ownership taxes incurred upon registering the HYUNDAI, which amounts to

$66.28, and the unused 66.6% of the title fees, which amounts to $6.26, were financial losses for MS. BUSHMAN associated with the total loss of the HYUNDAI.

15. Instead of paying MS. BUSHMAN the pro-rata amount of ownership taxes and title and registration fees incurred on the totaled vehicle, for the remaining unused portion of the yearly registration period NATIONWIDE paid her $9.50 related to "Tag/Title Fees" only. (Exhibit 2) To date, NATIONWIDE has not paid the policy holder, MS. BUSHMAN, the total amount of any ownership tax and title and registration fees associated with the total loss of the HYUNDAI (i.e. the pro-rata amount of ownership taxes and title and registration fees incurred on the totaled vehicle, for the remaining unused portion of the yearly registration period).

16. Upon information and belief, Plaintiff alleges NATIONWIDE has denied insurance benefits it owed to similarly situated NATIONWIDE automobile policy holders in violation of C.R.S. § 10-3-1115 (which requires that insurers not unreasonably delay or deny payment of a claim for benefits owed), by failing to pay them the total amount of ownership tax and title and registration fees associated with the total loss of a motor vehicle, as mandated by C.R.S. § 10-4-639(1).

## CLASS ACTION ALLEGATIONS

17. Plaintiff MS. BUSHMAN brings this action on behalf of herself and all others similarly situated, as members of the proposed Colorado class (collectively hereafter the "Class") defined as follows:

> **Colorado Class**: All persons who resided in Colorado and had obtained an automobile insurance policy with NATIONWIDE providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by

>NATIONWIDE the vehicle was a total loss upon a claim being made by the policy holder, and to whom NATIONWIDE did not pay the total amount of ownership tax and title and registration fees associated with the total motor vehicle loss as part of the claim made, within six years of the filing of the original complaint to the present. Specifically excluded from the proposed Class are Defendants, any entities in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries and/or assigns of Defendants, and any Judge who may be assigned to this matter.

18. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

19. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time, Plaintiff is informed and believes the Class includes more than fourteen hundred members, and likely many hundreds more, subject to discovery.

20. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    A.    Whether Defendants provided automobile insurance coverage to Plaintiff and the putative class, which covered total vehicle loss in the event of a motor vehicle accident or other event;

    B.    Whether Defendants failed to pay the total amount of ownership tax and title and registration fees associated with a total vehicle loss to Plaintiff and the putative class after making a determination an insured vehicle was a total loss as a result of a motor vehicle accident or other event;

    C.    Whether Defendants entered into valid contracts with Plaintiff and members of the putative class;

    D.    Whether the terms of the contracts were that Defendants would provide coverage in the event of total loss of the insured motor vehicle;

    E.    Whether Defendants breached the contracts when they failed to pay the total amount of ownership tax and title and registration fees associated with a total vehicle loss to Plaintiff and the putative class after making a determination an insured vehicle was a total loss as a result of a motor vehicle accident or other event;

    F.    The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

21.    [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing harm arising out of Defendants' common course of conduct as complained of herein.  The losses of each member of the Class were caused directly by Defendants' wrongful conduct as alleged herein.

22.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

23. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, whether a policy provided for insurance coverage in the event of the total loss of the vehicle.

25. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, substantially impair or impede the ability of such non-party Class members to protect their interests.

26. [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Violation of C.R.S. 10-3-1115, *et seq.*)**

**(By Plaintiff and Putative Class Against All Defendants)**

27. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

28. Plaintiff and the Class obtained automobile insurance policies from NATIONWIDE which provided for insurance coverage in the event of the total loss of the vehicle.

29. Plaintiff and the Class members submitted claims for automobile insurance coverage to NATIONWIDE after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by NATIONWIDE the vehicle at issue was a total loss.

30. C.R.S. § 10-4-639(1) provides in relevant part that an insurer <u>shall</u> pay title fees and any other transfer or registration fees associated with the total loss of a motor vehicle.

31. C.R.S. § 10-3-1115(1)(a) provides in relevant part that a person engaged in the business of insurance <u>shall not</u> unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

32. Despite its own determination the insured vehicles of Plaintiff and the Class Members were total losses, when claims were submitted by Plaintiff and the Class Members after a motor vehicle accident or other event resulted in damage to their property, NATIONWIDE failed to pay the total amount of ownership tax and title and registration fees associated with the total loss as required by C.R.S. § 10-4-639(1), and therefore violated the express language of that statute.

33. Additionally, NATIONWIDE's failure to make such payments were a violation of C.R.S. § 10-3-1115(1)(a), as an unreasonable delay and/or denial of a claim for insurance benefits NATIONWIDE owed Plaintiff and the Class Members. NATIONWIDE had no reasonable basis to deny making these payments.

34. Furthermore, NATIONWIDE's violations of Colorado's insurance codes provide for a private right of action under C.R.S. § 10-3-1116(a), the recovery of attorney's fees and costs and two times the covered benefit.

35. As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

## CLAIMS FOR RELIEF

## SECOND CLAIM FOR RELIEF

### (Bad Faith Breach of Insurance Contract)

### (By Plaintiff and Putative Class Against All Defendants)

36. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

37. NATIONWIDE's failure to pay the total amount of ownership tax and title and registration fees associated with a total loss to its automobile insurance customers in Colorado, as mandated by C.R.S. § 10-4-639(1), was not reasonable conduct for an established automobile insurer such as NATIONWIDE.

38. As an established automobile insurer offering policies in Colorado, NATIONWIDE knew of or recklessly disregarded the fact that its failure to pay the total amount of ownership tax and title and registration fees associated with the total loss of an insured motor vehicle in Colorado, based on C.R.S. § 10-4-639(1)'s mandate, was unreasonable.

39. As an established automobile insurer offering policies in Colorado, NATIONWIDE also knew of or recklessly disregarded the fact that its delay and/or denial of payments owed to Plaintiff and Class members, in violation of C.R.S. § 10-3-1115(1)(a), was unreasonable.

40. As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

# CLAIMS FOR RELIEF

# THIRD CLAIM FOR RELIEF

### (Breach of Contract)

### (By Plaintiff and Putative Class Against All Defendants)

41. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

42. Plaintiff and the Class entered into contracts with NATIONWIDE for automobile insurance which provided for insurance coverage in the event of the total loss of the vehicle.

43. Plaintiff and the Class Members timely paid the premiums owed for the automobile insurance contracts with NATIONWIDE which provided for insurance coverage in the event of the total loss of the vehicle.

44. Plaintiff and the Class members submitted claims for automobile insurance coverage to NATIONWIDE after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by NATIONWIDE the vehicle at issue was a total loss.

45. NATIONWIDE breached the contracts with Plaintiffs and the Class members by failing to pay them the total amount of ownership tax and title and registration fees associated with the total loss of the insured vehicle (i.e. the pro-rata amount of ownership taxes and title and registration fees incurred on the totaled vehicle, for the remaining unused portion of the yearly registration period), as part of the insurance payment to them related to the total loss vehicles.

46. As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

///

///

# CLAIMS FOR RELIEF

# FOURTH CLAIM FOR RELIEF

### (Breach of the Duty of Good Faith and Fair Dealing)

### (By Plaintiff and Putative Class Against All Defendants)

47. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

48. Plaintiff and the Class entered into contracts with NATIONWIDE for automobile insurance which provided for insurance coverage in the event of the total loss of the vehicle.

49. Plaintiff and the Class Members timely paid the premiums owed for the automobile insurance contracts with NATIONWIDE which provided for insurance coverage in the event of the total loss of the vehicle.

50. Plaintiff and the Class members submitted claims for automobile insurance coverage to NATIONWIDE after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by NATIONWIDE the vehicle at issue was a total loss.

51. NATIONWIDE breached the implied duty of good faith and fair dealing with Plaintiffs and the Class members by denying to pay them, with no reasonable basis, the total amount of ownership tax and title and registration fees associated with the total loss of the insured total loss vehicles (i.e. the pro-rata amount of ownership taxes and title and registration fees incurred on the totaled vehicle, for the remaining unused portion of the yearly registration period), as part of the insurance payment to them related to the total loss vehicles.

52. As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated, prays for judgment against NATIONWIDE as follows:

1. An Order certifying the Class and any sub-classes thereof that the Court may deem appropriate, and appointing Plaintiff MELODIE BUSHMAN, and her counsel, to represent the Class;

2. An award of general damages according to proof;

3. Injunctive relief;

4. Attorneys' fees;

5. Two times the covered benefit under C.R.S. § 10-3-1116(a);

6. Statutory damages;

7. Costs of suit; and

8. Any other relief the Court deems proper.

DATED: October 5, 2018

Respectfully submitted,

KIRTLAND & PACKARD LLP

By: /s/ Joshua A. Fields
    MICHAEL LOUIS KELLY
    BEHRAM V. PAREKH
    JOSHUA A. FIELDS
    KIRTLAND & PACKARD LLP
    1638 South Pacific Coast Highway
    Redondo Beach, CA 90277
    Tel: (310) 536-1000
    Fax: (310) 536-1001
    Email: mlk@kirtlandpackard.com
           bvp@kirtlandpackard.com
           jf@kirtlandpackard.com

Huff & Leslie, LLP
Brett N. Huff
2480 Gray Street
Edgewater, Colorado 82014
Tel: (303) 232-3622

Fax: (303) 274-9638
Email: bhuff@huffandleslie.com
Colorado Bar No. 32071

*Counsel for Plaintiff Melodie Bushman, and all others similarly situated*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury by jury as to all claims so triable.

DATED: October 5, 2018

Respectfully submitted,

KIRTLAND & PACKARD LLP

By: /s/ Joshua A. Fields
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
JOSHUA A. FIELDS
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
Tel: (310) 536-1000
Fax: (310) 536-1001
Email: mlk@kirtlandpackard.com
bvp@kirtlandpackard.com
jf@kirtlandpackard.com

Huff & Leslie, LLP
Brett N. Huff
2480 Gray Street
Edgewater, Colorado 82014
Tel: (303) 232-3622
Fax: (303) 274-9638
Email: bhuff@huffandleslie.com
Colorado Bar No. 32071

*Counsel for Plaintiff Melodie Bushman, and all others similarly situated*