# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02277-WJM-NRN

MELODIE BUSHMAN,
on behalf of herself and all others similarly situated,

Plaintiffs,

v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,
an Iowa Corporation; and DOES 1-10, inclusive,

Defendants.

---

## CLASS ACTION STIPULATION OF SETTLEMENT

---

## TABLE OF CONTENTS

STIPULATION OF SETTLEMENT ........................................................................................... 1

I.     DEFINITIONS ........................................................................................................... 2

     1.     ADMINISTRATOR ..................................................................................... 2
     2.     CLAIMANT ................................................................................................. 2
     3.     CLAIM FORM ............................................................................................. 2
     4.     CLAIM PERIOD .......................................................................................... 3
     5.     CLASS ........................................................................................................ 3
     6.     CLASS COUNSEL ....................................................................................... 3
     7.     CLASS MEMBER ........................................................................................ 3
     8.     CLASS NOTICE .......................................................................................... 3
     9.     CLASS PERIOD .......................................................................................... 3
     10.    COURT ....................................................................................................... 3
     11.    COVERED LOSS ......................................................................................... 3
     12.    EFFECTIVE DATE ...................................................................................... 4
     13.    FINAL APPROVAL HEARING ..................................................................... 4
     14.    FINAL ORDER AND JUDGMENT ................................................................. 5
     15.    LAWSUIT ................................................................................................... 5
     16.    LEGALLY AUTHORIZED REPRESENTATIVE ............................................... 5
     17.    NATIONWIDE ............................................................................................ 5
     18.    NATIONWIDE'S COUNSEL ........................................................................ 5
     19.    OPT-OUT FORM ........................................................................................ 5
     20.    PERSON OR PERSONS ................................................................................ 5
     21.    POLICY OR POLICIES ................................................................................ 6
     22.    PRELIMINARY APPROVAL ORDER ............................................................. 6
     23.    PROPOSED SETTLEMENT AND SETTLEMENT .............................................. 6
     24.    RELEASE .................................................................................................... 6
     25.    RELEASED CLAIMS ................................................................................... 6
     26.    RELEASED PERSONS ................................................................................. 7
     27.    REPRESENTATIVE PLAINTIFF ................................................................... 7
     28.    SETTLEMENT CHECK OR SETTLEMENT CHECKS ....................................... 7
     29.    STIPULATION ............................................................................................ 7
     30.    UNKNOWN CLAIM .................................................................................... 8

II.    RELIEF FOR THE CLASS ......................................................................................... 8

     31.    SETTLEMENT PAYMENT ........................................................................... 8
     32.    SETTLEMENT CHECKS .............................................................................. 8
     34.    SERVICE AWARD ...................................................................................... 9

III.    RELEASE AND RELATED COVENANTS .................................................................. 9

     37.    RELEASE OF CLAIMS. ............................................................................... 9
     38.    WAIVER OF PROVISIONS BARRING RELEASE OF UNKNOWN CLAIMS ..... 10
     39.    RELEASE OF ATTORNEYS' FEES AND EXPENSES ..................................... 10
     40.    ENFORCEMENT OF THE STIPULATION ..................................................... 11
     41.    RELIANCE ON NATIONWIDE'S GOOD FAITH IN PROVIDING RECORDS ... 11
     42.    LIABILITY UNDER THIS STIPULATION ..................................................... 11

IV.    ATTORNEYS' FEES AND EXPENSES ...................................................................... 11

V.      PRELIMINARY CERTIFICATION OF THE CLASS............................................. 12
        46.     PRELIMINARY APPROVAL ................................................................ 12

VI.     NOTICE AND CLAIM FORM .................................................................... 14
        47.     CLASS NOTICE ............................................................................ 14
        48.     CLAIM FORMS ............................................................................ 15
        49.     RE-MAILING CLASS NOTICE, CLAIM FORM, AND SETTLEMENT CHECKS............... 15
        50.     NO ADDITIONAL EFFORTS TO LOCATE CURRENT ADDRESS REQUIRED.. ............... 16
        51.     ADDITIONAL METHODS OF NOTICE ...................................................... 16

VII.    SETTLEMENT ADMINISTRATION ........................................................... 16
        52.     DEFICIENT CLAIM FORMS ............................................................... 16
        53.     UNTIMELY CLAIM FORMS ............................................................... 17
        54.     WIRE TRANSFER AND MAILING SETTLEMENT CHECKS................................. 17

VIII.   OPT OUTS AND OBJECTIONS TO THE PROPOSED SETTLEMENT ............... 17
        55.     OPT OUT REQUESTS ..................................................................... 17
        56.     OBJECTIONS TO THE PROPOSED SETTLEMENT ....................................... 17
        57.     REQUESTS FOR PERMISSION TO SPEAK AT FINAL APPROVAL HEARING ............... 18

IX.     FINAL APPROVAL OF THE PROPOSED SETTLEMENT ........................... 19
        58.     FINAL APPROVAL AND CERTIFICATION ............................................... 19
        59.     FINAL APPROVAL FILINGS ............................................................. 20

X.      TERMINATION OF THIS STIPULATION ................................................. 20
        60.     BILATERAL RIGHT TO TERMINATE.................................................... 20
        61.     NATIONWIDE'S UNILATERAL RIGHT TO TERMINATE. ............................... 21
        62.     DEADLINE FOR TERMINATION.......................................................... 21
        63.     NO OBLIGATION TO EXERCISE RIGHT ............................................... 21
        64.     EFFECT OF TERMINATION ............................................................. 22

XI.     DENIAL OF LIABILITY ....................................................................... 22

XII.    CONFIDENTIALITY AGREEMENT ........................................................ 23

XIII.   RETENTION OF RECORDS .................................................................. 25

XIV.    MISCELLANEOUS ............................................................................. 25
        72.     COOPERATION OF THE PARTIES....................................................... 25
        73.     AUTHORITY TO EXECUTE THE STIPULATION. ....................................... 25
        74.     ENTIRE AGREEMENT..................................................................... 25
        75.     MODIFICATION............................................................................ 26
        76.     CHOICE OF LAW .......................................................................... 26
        77.     POSTMARKS ............................................................................... 26
        78.     EXTENSIONS .............................................................................. 26
        79.     DRAFTING OF SETTLE AGREEMENT AND UNAMBIGUOUS CONTRACT ............... 26
        80.     COUNTERPARTS .......................................................................... 27
        81.     FURTHER ASSURANCES.................................................................. 27
        82.     PARTIES BOUND.......................................................................... 27
        83.     MEDIA COMMUNICATIONS............................................................... 27
        84.     USE OF THIS STIPULATION AS A DEFENSE AND BASIS FOR AN INJUNCTION .......... 27
        85.     WAIVER OF A BREACH .................................................................. 28
        86.     CALCULATING TIME. ..................................................................... 28

87.     PLURAL AND SINGULAR TERMS ........................................................................ 28
88.     DATE OF EXECUTION ...................................................................................... 28

## STIPULATION OF SETTLEMENT

This stipulation of settlement and exhibits attached hereto, (collectively, "Stipulation") is entered into between Plaintiff, Melodie Bushman ("Representative Plaintiff"), on behalf of herself and each of the Class Members (collectively, "Plaintiffs"), and Defendant Nationwide Agribusiness Insurance Company ("Nationwide" or "Defendant").  Plaintiff and Defendant are collectively referred to herein as the "Parties."

WHEREAS, on September 20, 2017, a putative class action lawsuit was filed against Nationwide entitled *Melodie Bushman, et al. v. Nationwide Agribusiness Insurance Company*, *et al*, No. 17-cv-02277-WJM-NRN (D. Colo.);

WHEREAS, the Representative Plaintiff alleges that Nationwide underpaid first party total loss vehicle insurance claims by not paying certain amounts allegedly owed under Colorado Revised Statutes § 10-4-639(1);

WHEREAS, Nationwide moved to dismiss the suit, and on September 20, 2018, the Court granted Nationwide's motion to dismiss, holding that the Complaint failed to state a claim, and granting leave to file an amended complaint;

WHEREAS, on October 19, 2018, the Representative Plaintiff filed the Third Amended Complaint; and on November 2, 2018, Nationwide moved to dismiss the Third Amended Complaint; and such motion to dismiss has not been adjudicated;

WHEREAS, the Representative Plaintiff and her counsel believe that the claims asserted against Nationwide have substantial merit; nonetheless, after a thorough consideration of the facts and law, and the risks associated with the continued prosecution of this complex and time-consuming matter, as well as the likelihood of success on the merits at trial and upon any appeal therefrom, the Representative Plaintiff and her counsel have agreed to this Stipulation as fair, reasonable, adequate, and in the best interests of the Class Members and Representative Plaintiff,

and that it is desirable for this case to be settled in the manner and upon the terms and conditions set forth herein;

WHEREAS, Nationwide has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the case; nonetheless, Nationwide has agreed to enter into this Stipulation to avoid the uncertainty, costs, and delay of litigation; and this Stipulation is for settlement purposes only, and neither the fact of, nor any provision contained in it, nor any negotiations or proceedings related thereto, nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim alleged in the case, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Nationwide.

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the case be settled on the following terms and conditions, subject to the approval of the Court after a hearing as provided in this Stipulation:

## I.    DEFINITIONS

In addition to certain terms defined elsewhere in this Stipulation, the following terms shall be defined as follows:

1.    **Administrator**.  "Administrator" means Epiq Class Action & Claims Solutions, Inc. which will (subject to approval by the Court) distribute the Class Notice and Claim Form, receive Claim Forms, and perform other responsibilities related to the administration of this Stipulation as provided herein.

2.    **Claimant**.  "Claimant" means any Class Member who submits a Claim Form.

3.    **Claim Form**.  "Claim Form" means the pre-addressed form that will be appended to the Class Notice, and also available on the Settlement Website, which a Class Member must complete and timely submit, subject to provisions of this Stipulation, to make a claim for payment.  A copy of a blank Claim Form is attached as Exhibit A

4.      **Claim Period**. The "Claim Period" begins on the date that the Administrator shall cause the Class Notice and Claim Form to be mailed via first-class mail, which shall be completed no later than sixty (60) days before the Final Approval Hearing, and ends thirty (30) days after the date of the Final Approval Hearing, and shall be at least three (3) months.

5.      **Class**. The "Class" means all Persons in Colorado who had a Covered Loss. Notwithstanding the foregoing, the following Persons shall be excluded from the Class: (1) Nationwide and its affiliates, officers, and directors; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Class Counsel.

6.      **Class Counsel**. "Class Counsel" means the following:

Michael Louis Kelly                       Brett Norman Huff
Behram V. Parekh                          HUFF & LESLIE, LLP
Joshua A. Fields                          2480 Gray Street
KIRTLAND & PACKARD LLP                    Edgewater, CO 80214
1638 South Pacific Coast Highway
Redondo Beach, CA 90277

7.      **Class Member**. "Class Member" means a member of the Class who does not timely and properly request exclusion as provided in Paragraph 55 below.

8.      **Class Notice**. "Class Notice" means the notice of the preliminarily approval of this Stipulation, mailed to potential Class Members as described in Paragraphs 46 through 51 below and it shall be in the form and substance of Exhibit B, without material alteration.

9.      **Class Period**. The "Class Period" means September 20, 2014 to December 31, 2018.

10.     **Court**. The "Court" means the United States District Court for the District of Colorado, Judge William J. Martinez, presiding.

11.     **Covered Loss**. "Covered Loss" means a first party physical damage insurance claim, with a date of loss during the Class Period, that resulted in an indemnity payment for the

total loss of the insured vehicle, on a Colorado private passenger automobile insurance policy issued by Allied Property and Casualty Insurance Company, AMCO Insurance Company, Crestbrook Insurance Company, Depositors Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Agribusiness Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company, Titan Indemnity Company, Titan Insurance Company, or Victoria Fire & Casualty Company.

12.    **Effective Date**. "Effective Date" refers to the earliest day after entry of the Final Order and Judgment when:

      a.      All Parties have executed this Stipulation;

      b.      No party has terminated the Stipulation;

      c.      The Court has preliminarily approved this Stipulation and the Proposed Settlement as provided in Paragraph 46, below;

      d.      The Court has entered a Final Order and Judgment in the form of Exhibit C hereto without any material alteration, approving this Stipulation and the Proposed Settlement, releasing all of the Released Persons from all of the Released Claims, and dismissing the Lawsuit with prejudice and without leave to amend; and

      e.      (i) The time to file an appeal from the Final Order and Judgment has expired (without the filing of any appeals) or (ii) if any appeal has been taken from the Final Order and Judgment, then the date on which all appeals therefrom, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for *certiorari*, or any other form of judicial review have been finally disposed of in a manner that affirms the Final Order and Judgment without material alteration.

13.    **Final Approval Hearing**. "Final Approval Hearing" means the fairness hearing the Court will convene to consider whether the Stipulation is fair, reasonable, and adequate, and whether the Final Order and Judgment should be entered without material alteration.

---

14. **Final Order and Judgment**. "Final Order and Judgment" means the order of the Court approving this Stipulation, and the corresponding final judgment, in the form and substance attached as Exhibit C without material alteration.

15. **Lawsuit**. The "Lawsuit" means the lawsuit captioned *Melodie Bushman, et al. v. Nationwide Agribusiness Insurance Company et al.*, No. 17-cv-02277-WJM-NRN, in the United States District of the District of Colorado.

16. **Legally Authorized Representative**. "Legally Authorized Representative" means an administrator/administrative, personal representative, or executor/executrix of a deceased Class Member's estate, a guardian, conservator, or next friend of an incapacitated Class Member or any other legally appointed person or entity responsible for the handling of the business affairs of a Class Member.

17. **Nationwide**. "Nationwide" means Nationwide Agribusiness Insurance Company.

18. **Nationwide's Counsel**. "Nationwide's Counsel" means the following:

> Mark L. Hanover
> Kristine M. Schanbacher
> DENTONS US LLP
> 233 South Wacker Drive
> Suite 5900
> Chicago, IL 60606

19. **Opt-Out Form**. "Opt-Out Form" means the form that will be available on the Settlement Website, which a Class Member must complete and timely submit, subject to the provisions of this Stipulation, to opt-out of the Settlement. A copy of a blank Opt-Out Form is attached as Exhibit D.

20. **Person or Persons**. "Person" or "Persons" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

21.     **Policy or Policies**.  "Policy" or "Policies" means a Colorado, private passenger automobile insurance policy or policies issued to a Class Member.

22.     **Preliminary Approval Order**.  "Preliminary Approval Order" shall have the meaning set forth in Paragraph 46, and it shall be in the form and substance of Exhibit E without material alteration.

23.     **Proposed Settlement and Settlement**.  "Proposed Settlement" and "Settlement" shall mean the settlement described in this Stipulation.

24.     **Release**.  The "Release" refers to the release and covenant not to sue set forth in Paragraphs 37-39 below.

25.     **Released Claims**.  "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether arising under common law or equity, federal, state, or local law, rule, ordinance, or regulation, and whether based on *ex contractu* or *ex delicto*, debts, liens, contracts, tort theories, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages), arising from or in any way related to calculation, determination, and payment for physical damage on any Covered Loss (including, but not limited amounts owed under C.R.S. § 10-4-639(1); amounts owed under C.R.S. § 42-6-137(1)(a); amounts owed for title fees, registration fees, ownership taxes, and any other transfer or registration fee; and amounts owed under C.R.S. § 10-3-1115 or C.R.S. § 10-3-1116, and any claims which have been alleged or which could have been alleged by the Representative Plaintiff in the Litigation, on behalf of herself and/or on behalf of the Class, to the full extent of *res judicata* protections.  Released

Claims do not include any claim for enforcement of the contemplated Stipulation and/or the Final Order and Judgment.

26. **Released Persons**. "Released Persons" means: (i) Allied Insurance Company of America, Allied Property and Casualty Insurance Company, AMCO Insurance Company, Crestbrook Insurance Company, Depositors Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Agribusiness Insurance Company, Nationwide Assurance Company, Nationwide General Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company, Titan Indemnity Company, Titan Insurance Company, and Victoria Fire & Casualty Company; and (ii) all past and present affiliates, officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

27. **Representative Plaintiff**. "Representative Plaintiff" means Melodie Bushman individually and as a representative of the Class.

28. **Settlement Check or Settlement Checks**. "Settlement Check" or "Settlement Checks" means the check(s) containing the sum that such Class Member(s) are entitled to receive as payment under this Stipulation after submitting a timely, accurate, and complete Claim Form.

29. **Stipulation**. "Stipulation" refers to this Stipulation of Settlement and the attached exhibits, which are an integral part of the Proposed Settlement and are incorporated herein in their entirety by reference.

30. **Unknown Claim**. "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Stipulation.

## II.   RELIEF FOR THE CLASS

31. **Settlement Payment**. Within sixty (60) days after the Effective Date, the Administrator shall pay $40.00 to each Class Member who returns a complete Claim Form within the Claim Period.

32. **Settlement Checks**. Settlement Checks will be made payable to the Class Member (or the Class Member's Legally Authorized Representative, upon proper proof of such representation) and mailed by first-class mail, to the last known address of such Class Member (or Legally Authorized Representative) as reflected on Nationwide's records and as verified by the Administrator, as set forth in Paragraph 47(d) below, or as indicated on a complete Claim Form. All checks shall bear a legend stating that the check is not valid after a date certain, which in no event shall be less than ninety (90) days from the date the checks are mailed. If any Settlement Check is returned as undeliverable, the Administrator will attempt to locate a new address using the procedures set forth in Paragraph 49 below, and will re-mail the Settlement Check to the new address.

33. Within ninety (90) days after the Effective Date, the Administrator shall file a report with the Court, with copies simultaneously mailed to Class Counsel, certifying that the required Settlement Checks have been issued. To the extent Settlement Checks remain uncashed after the period for cashing specified on the checks, which in no event shall be less than ninety (90) days from the date the checks are mailed, and the Administrator has taken any and all steps under Paragraph 49 below to the extent required, then the Administrator may cancel uncashed Settlement Checks. The sum of any checks that remain uncashed after the period for cashing

specified on the checks shall be distributed to the following charity designated as a cy pres recipient by Class Counsel and Nationwide: Legal Aid of Colorado , or as otherwise ordered by the Court.

34. **Service Award**. In addition to the Representative Plaintiff's particular recovery under the terms of this Stipulation, Nationwide has agreed to pay up to $2,000 to the Representative Plaintiff, and this amount is separate and apart from the amount Nationwide has agreed to pay each Class Member pursuant to the Settlement, and any amount awarded will not reduce the amounts distributed to Class Members, in recognition of time devoted to the case on behalf of Class Members, willingness to lend her name to the Lawsuit, and willingness to expose herself to potential consequences of an adverse judgment. The service award will be paid on the same date as the Attorneys' Fees and Expenses set forth in Paragraph 43 below.

35. The payments described in Paragraphs 31 and 34 are the only payments to which any Class Member will be entitled under the Proposed Settlement. The payments are deemed to be inclusive of any claims for any potentially-applicable damages, penalties, interest, and fees.

36. The payment of claims and other obligations incurred pursuant to this Stipulation shall be in full and final disposition of this Lawsuit, and in consideration for the release of any and all Released Claims as against any and all Released Persons, entry of the Final Order and Judgment as contemplated herein, and dismissal of the Lawsuit with prejudice.

## III.   RELEASE AND RELATED COVENANTS

37. **Release of Claims**. Upon the Effective Date, Representative Plaintiff and all Class Members and their past, present or future agents, legal representatives, trustees, parents, subsidiaries, predecessors, estates, heirs, assigns, successors, executors, and administrators, do hereby fully, finally, and forever release, acquit, relinquish, and discharge to the fullest extent permitted by law, all Released Claims, against all Released Persons and agree not to institute,

maintain, or assert any Released Claims against the Released Persons.   The Representative

Plaintiff, individually and on behalf of the Class, accepts and assumes the risk that if any fact,

circumstance, injury, or damage is found, suspected, or claimed to be other than or different from

the facts or circumstances now or later believed to exist, or whether present losses may have

been underestimated in amount or severity, the Release incorporated in the Final Order and

Judgment and shall remain effective notwithstanding any such different fact, circumstance,

injury, or damage.   Upon entry of the Final Order and Judgment, the Representative Plaintiff and

all Class Members specifically release any right or claim they may now or hereafter have to

reform, rescind, modify, or set aside the Released Claims on the basis of mutual or unilateral

mistake or otherwise.

38.     **Waiver of Provisions Barring Release of Unknown Claims**.   The provisions of

any state, federal, municipal, local or territorial law or statute providing in substance that releases

shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected

to exist at the time a settlement agreement is executed and/or approved by a court, are hereby

expressly, knowingly, and voluntarily waived by the Representative Plaintiff and all members of

the Class.

39.     **Release of Attorneys' Fees and Expenses**.   Released Claims shall also include,

without limitations, any and all claims for attorneys' fees, costs or disbursements incurred by:

Class Counsel, any other counsel representing the Representative Plaintiff or any Class Member,

and/or the Representative Plaintiff or any Class Member in connection with or related in any

manner to:   the Lawsuit, the Settlement of the Lawsuit, the administration of the Settlement,

and/or the Released Claims, except to the extent otherwise specified in this Stipulation.

Nationwide shall bear the costs of administering the Settlement, including:   the retention and

services of the Administrator, notice costs, costs of maintaining the automated toll-free telephone number and settlement website, and costs of making settlement payments to the Class.

40.     **Enforcement of the Stipulation**.  Nothing in this Release shall:  (i) preclude any action to enforce the terms of this Stipulation or the Final Order and Judgment; or (ii) preclude the Representative Plaintiff or Class Members from making a claim for benefits that are or shall become payable under the express written terms of the Policies.

41.     **Reliance on Nationwide's Good Faith in Providing Records**.  By executing this Stipulation, Nationwide warrants and represents that it will act in good faith in providing timely, accurate, and complete records to the Administrator to facilitate notice to the Class Members.

42.     **Liability under this Stipulation**.  The Parties, Class Counsel, Nationwide's Counsel, and/or any employees, representatives, or agents of the Parties, Class Counsel, or Nationwide's Counsel shall not be liable for anything done or omitted in connection with the Stipulation except for the party's own willful misconduct.  The Parties, Class Counsel, and Nationwide's Counsel shall not be liable for any act or omission of the Administrator.

## IV.     ATTORNEYS' FEES AND EXPENSES

43.     Class Counsel will submit their fee and expense request to the Court, calculated as a lodestar of hours reasonably spent, multiplied by a reasonable hourly rate.  Nationwide has agreed to pay up to $121,000 in attorneys' fees to Class Counsel, and this amount is separate and apart from the amount Nationwide has agreed to pay each Class Member pursuant to the Settlement, and any amount awarded will not reduce the amounts distributed to Class Members. Any attorneys' fees and costs awarded by the Court will be paid to Class Counsel, no later than twenty-one (21) days after the Effective Date.  Such payment shall be made by a check or wire issued to Kirtland & Packard LLP.

44.     Class Counsel hereby waive, discharge and release Nationwide of and from any and all claims for attorneys' fees, costs, and expenses, other than those articulated in the preceding paragraph, whether by lien, statute, or otherwise, for legal submission rendered by counsel in connection with this Lawsuit.  Nationwide shall not be responsible for and shall have no liability whatsoever with respect to the allocation, distribution, or apportionment of any award of attorneys' fees and expenses among Class Counsel or any other person who may assert a claim thereto, which the Court may award.

45.     Once payment is made pursuant to Paragraph 43, Nationwide will not be subject to or liable for any claims for additional payments to Class Counsel or any attorney who is or was a member of, partner of, or otherwise associated with any of the firms currently or formerly representing the Representative Plaintiff, the Class, or any Class Member.

## V.     <u>PRELIMINARY CERTIFICATION OF THE CLASS</u>

46.     **Preliminary Approval**.  Promptly after execution of this Stipulation, the Parties will jointly apply to the Court for an order in the form and substance of Exhibit E (the "Preliminary Approval Order"), without material alteration, that will, among other things:

a)      Preliminarily approve this Stipulation as sufficiently fair and reasonable to warrant sending notice to the Class;

b)      Preliminarily certify the Class for settlement purposes, as defined herein, and designate the Representative Plaintiff as the representative of the Class, and designate the Class Counsel as counsel for the Class, on the condition that the certification and designations shall be automatically vacated, without the requirement of any motion or further order of the Court, if this Stipulation is terminated, disapproved, or materially altered in whole or in part by the Court, any appellate Court, or any other court of review, or any of the Parties (pursuant to Paragraphs 60-61);

c)      Stay consideration of all other motions and deadlines pending in the Lawsuit;

d)     Schedule the Final Approval Hearing, to be held no sooner than one hundred twenty (120) days after entry of the Preliminary Approval Order to consider the fairness, reasonableness, and adequacy of this Stipulation and whether it should be approved by the Court;

e)     Approve the Class Notice and Claim Form as set forth in Exhibits A and B hereto, without material alteration;

f)     Direct Nationwide and the Administrator to make best efforts to cause the Class Notice and Claim Form to be mailed by first class mail, to the most current address for each potential Class Member, and such addresses will be determined by the process set forth in Paragraph 47 below, with such mailing to be completed no later than sixty (60) days before the Final Approval Hearing;

g)     Determine that the individual mailed distribution of the Class Notice and Claim Form, establishment of an automated toll-free telephone number, and settlement website constitutes the best practicable notice under the circumstances; is reasonably calculated to apprise all potential Class Members who can be identified through reasonable effort of:  the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing; and meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law;

h)     Rule the Administrator need not mail additional rounds of notice to potential Class Members or re-mail any returned notices, other than to the extent as required in Paragraphs 47and 49;

i)     Require proof of the mailing of the Class Notice to be filed with the Court at or before the Final Approval Hearing;

j)     Require each potential Class Member who wishes to exclude himself or herself from the Class to electronically submit or mail a completed Opt-Out Form (which will be available on the Settlement website), no later than twenty (20) days prior to the Final Approval Hearing ("Opt Out Period");

k)     Rule that any potential Class Member who does not submit a timely, complete, opt out form will be bound by all proceedings, orders and judgments in the Lawsuit, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Nationwide, in its sole discretion, may allow a potential Class Member who does not timely request exclusion from the Class to

opt out of the Class up to and including the date of the Final Approval Hearing;

l) Require each Class Member who wishes to object to the fairness, reasonableness or adequacy of this Stipulation, to file with the Court and mail to the Administrator, no later than twenty (20) days before the Final Approval Hearing, a notice of intention to object, together with copies of any papers the Class Member intends to present to the Court in connection with this Stipulation, or be forever barred from objecting;

m) Rule that any Class Member who has not submitted a timely, complete opt out form and who has returned a timely, complete Claim Form that has been approved by the Administrator may receive a Settlement Check according to the terms of this Stipulation, if the Effective Date occurs;

n) Direct the Administrator to promptly furnish Nationwide's Counsel and Class Counsel with copies of any and all objections or opt out forms that the Administrator receives;

o) Appoint Epiq Class Action & Claims Solutions, Inc. as the third-party Administrator; and

q) Contain any additional provision(s) that might be necessary to implement and administer this Stipulation.

## VI.   NOTICE AND CLAIM FORM

47. **Class Notice.** Class Counsel shall apply for an order authorizing the mailing of the Class Notice and Claim Form to each Class Member. These documents are attached as Exhibits A and B to this Stipulation, and they constitute material terms of the Proposed Settlement.

a) As demonstrated in Exhibit B, the Class Notice will contain: (a) a hard copy of the Claim Form; and (b) the address of the settlement website, which will contain information on the Stipulation, relevant pleadings, the opt out form, and how to obtain a copy of the Stipulation, including exhibits to the Stipulation.

b) Class Counsel and Nationwide's Counsel agree that mailing the Class Notice and Claim Form by first-class mail to all potential Class Members who can be identified through reasonable effort constitutes the most effective notice practicable of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing, and

constitutes due and sufficient notice for all other purposes to all Persons entitled to receive notice.

c)   As soon as practicable after the Preliminary Approval of the Proposed Settlement, but in any event no more than thirty (30) days after entry of the Preliminary Approval Order, Nationwide shall conduct a reasonable search and make reasonable inquiries of its records during the Class Period and provide to the Administrator the following information, if reasonably available: the name, current or last known address, date of loss, policy number, and claim number of each Person who is a potential Class Member.

d)   The Administrator shall cause the Class Notice and Claim Form to be mailed by first-class mail, to the current or last known address for each potential Class Member, according to Nationwide's business records and the National Change of Address database. Such mailing shall be completed no later than sixty (60) days before the Final Approval Hearing.

f)   Nationwide shall bear the costs of mailing the Class Notice and Claim Form whether or not the Stipulation obtains final approval or is otherwise terminated.

48.   **Claim Forms.**  Class Members who do not timely submit a completed Opt-Out Form will be provided an opportunity to submit a Claim Form requesting payment in accordance with Paragraph 31.  If a potential Class Member has more than one Covered Loss, the potential Class Member will receive a separate Claim Form for each Covered Loss; and these potential Class Members must submit separate Claim Forms to recover for each Covered Loss.  Claim Forms may be submitted on behalf of deceased or incapacitated Class Members by their Legally Authorized Representatives.  Any rights to any payment under this Stipulation shall inure solely to the benefit of Class Members and are not transferable or assignable to others.

49.   **Re-mailing Class Notice, Claim Form, and Settlement Checks.**  Where a Class Notice and/or Claim Form has been returned as undeliverable, or where a Settlement Check has been returned as undeliverable, the Administrator will promptly log each Class Notice, Claim Form, and/or Settlement Check that is returned as undeliverable and provide copies of the log to

Nationwide's Counsel and Class Counsel as requested.   Where a Class Notice, Claim Form and/or Settlement Check is returned to the Administrator with a forwarding address, the Administrator will forward the returned mailing to that address.   Where a Class Notice, Claim Form and/or Settlement Check has been returned as undeliverable, without a forwarding address, the Administrator will use LexisNexis AllFind research to attempt to find a current mailing address and will re-mail the Class Notice, Claim Form and/or Settlement Check to any new address obtained through such a search.

50. **No Additional Efforts to Locate Current Address Required.**  It is agreed by the Parties that the procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances, and constitute an appropriate and sufficient effort to locate current addresses for Class Members such that no additional efforts to do so shall be required.   Upon request, Nationwide and the Administrator shall provide Class Counsel reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

51. **Additional Methods of Notice.**  The Class Notice and Claim Form will also be available upon request to the Administrator, who shall send these documents, via first class mail. Additionally, the Administrator shall set up and maintain an automated toll-free telephone number, and a settlement website that will contain information on the Stipulation, relevant pleadings, the Opt-Out Form, and how to obtain a copy of the Stipulation, including exhibits to the Stipulation.

## VII.   SETTLEMENT ADMINISTRATION

52. **Deficient Claim Forms.**  Class Members who submit a Claim Form that is deficient in any manner not relating to compliance with the deadline for submitting a Claim Form shall be sent by the Administrator a written notice of deficiency within thirty (30) days

after the Claim Period expires.   The written notice of deficiency will inform these Class Members that they have thirty (30) days from the mailing date of the notice of deficiency to send a postmarked response regarding the deficiency.

53.    **Untimely Claim Forms.**  Class Members who submit an untimely Claim Form shall be notified by the Administrator that their claim will not be processed further.

54.    **Wire Transfer and Mailing Settlement Checks.**  Within thirty (30) days after the Effective Date, Nationwide shall wire transfer adequate funds to an account established by the Administrator.  After the receipt of the funds, the Administrator, within sixty (60) days after the Effective Date, shall mail a Settlement Check to each Class Member who timely submitted a Claim Form.

## VIII.   OPT OUTS AND OBJECTIONS TO THE PROPOSED SETTLEMENT

55.    **Opt Out Requests.**  Class Members who wish to exclude themselves from the Class must complete an Opt-Out Form, which will be available on the settlement website, and must electronically submit or mail the completed Opt-Out Form to the Administrator no later than the last day of the Opt Out Period.  The Administrator shall promptly log each request for exclusion and provide copies of the log and all such requests for exclusion to Nationwide and Class Counsel, as requested.  The right to be excluded from the Class must be exercised individually by an individual Class Member, not as a member of a group and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

56.    **Objections to the Proposed Settlement.**  Class Members who do not request exclusion from the Class may object to the Proposed Settlement.  Class Members who choose to object to the Proposed Settlement must file with the Court and mail to the Administrator, a notice of intent to object, together with copies of any papers the Class Member intends to present to the

Court in connection with this Stipulation no later than twenty (20) days before the Final Approval Hearing, or the Class Member(s) will be forever barred from objecting.  The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity. If a Legally Authorized Representative files an objection on behalf of a Class Member, the Legally Authorized Representative must submit written proof that he/she is a Legally Authorized Representative.  A Class Member's written notice of intent to object to the Proposed Settlement must include the following to be effective:

> (a)    A heading which includes the name of the case and case number;

> (b)    The name, address, telephone number, and signature of the Class Member filing the objection;

> (c)    The specific reason(s) why the Class Member objects to the Proposed Settlement;

> (d)    The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

> (e)    Whether the objecting Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

57.    **Requests for Permission to Speak at Final Approval Hearing.**  If the Objector and/or his/her attorney requests permission to speak at the Final Approval Hearing, the Objector's notice of intention to object must contain the following information, in addition to the information required in Paragraph 56:

> (a)    A detailed statement of the specific legal and factual basis for each and every objection;

(b)    A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

(c)    A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including copies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

(d)    Documentary proof of membership in the Class.

## IX.    FINAL APPROVAL OF THE PROPOSED SETTLEMENT

58.    **Final Approval and Certification.**  After the Final Approval Hearing, and upon the Court's approval of this Stipulation, the Court shall enter a Final Order and Judgment in the form and substance of Exhibit C, without material alteration, which will, among other things:

(a)    Approve this Stipulation as fair, reasonable and adequate, direct the Parties and their counsel to comply with the terms of this Stipulation, and declare this Stipulation to be binding on all Class Members and preclusive in all pending and future lawsuits or other proceedings by such Class Members;

(b)    Confirm and finalize certification of the Class for purposes of this Settlement only;

(c)    Find that Class Counsel and Representative Plaintiff have adequately represented the Class;

(d)    Confirm that the individual mailed distribution of the Class Notice and Claim Form, and establishment of an automated toll-free telephone number and settlement website:  (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law;

(e)    Dismiss the Lawsuit on the merits and with prejudice, without fees or costs to any party except as provided in this Stipulation;

(f)    Incorporate the Release and forever discharge the Released Persons from any claims or liabilities arising from or related to the Released Claims;

(g)     Retain jurisdiction over the administration of this Stipulation, to supervise the settlement relief, and for any other necessary purpose to administer the Settlement;

(h)     Award attorneys' fees and expenses to Class Counsel as described above in Paragraph 43; and approve the payment of an amount up to $2,000 for the Representative Plaintiff, to be paid by Nationwide;

(i)     Permanently enjoin all Class Members who did not opt out, whether acting individually or together, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

(j)     Direct payment of Settlement Checks to any Class Member who is eligible for payment according to the terms of this Stipulation, and has not submitted a timely, completed Opt-Out Form, and who has returned a completed Claim Form during the Claim Period that has been approved by the Administrator, according to the terms of this Stipulation.

59.     **Final Approval Filings.**  Nationwide may, but is not required to, submit its own pleadings and evidence with respect to the Final Approval Hearing.  Prior to the date of the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator confirming dissemination of the Class Notice in accordance with the terms of the Court's Preliminary Approval Order.  The affidavit should also inform the Court of the number of Class Members who have excluded themselves (opted-out) and the number of Objectors.

## X.     TERMINATION OF THIS STIPULATION

60.     **Bilateral Right to Terminate.**     Either of the Parties may terminate this Stipulation prior to the Effective Date at their sole option and discretion by providing written notice of the termination to the opposing counsel (Class Counsel or Nationwide's Counsel) where:  (a) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Stipulation that the terminating party in their sole judgment and discretion believes is material, including, without limitation, the terms of the Class relief, the provisions

relating to notice, the definition of the Class, or the Release; or (b) the Court, or any appellate court(s), does not enter or does not completely and unconditionally affirm any portion of the Final Order and Judgment that the terminating party in their sole judgment and discretion believes is material. Notwithstanding the foregoing, Representative Plaintiff may not terminate this Stipulation because of the amount of attorneys' fees and expenses awarded by the Court or any appellate court(s), or the failure of the Court or any appellate court(s) to approve any provision of Paragraph 43.

61. **Nationwide's Unilateral Right to Terminate.** Nationwide may unilaterally, in its sole discretion, withdraw from and terminate this Stipulation by providing written notice of termination to Class Counsel if: (a) any regulatory agency or governmental agency should challenge any of the terms of the Stipulation in any way that Nationwide, in its sole judgment and discretion believes to be materially adverse to Nationwide's interests; (b) the number of individuals who elect to exclude themselves from the Class make up more than 3% of all known potential Class Members; or (c) any financial obligation is imposed upon Nationwide in addition to or greater than those specifically accepted by Nationwide in this Stipulation.

62. **Deadline for Termination.** Any termination under Paragraph 60 above must occur no later than twenty one (21) days after notice of the event prompting the right to terminate. Nationwide must exercise its option to unilaterally withdraw from and terminate this Stipulation within fourteen (14) days after expiration of the Opt Out Period.

63. **No Obligation to Exercise Right.** If an option to withdraw from and terminate this Stipulation arises under this Section, neither of the Parties is required for any reason or under any circumstance to exercise that option.

64.    **Effect of Termination.**   If this Stipulation is terminated pursuant to Paragraphs 60-62 then:  (a) this Stipulation shall be null and void and shall have no force or effect, and no party to this Stipulation shall be bound by any of its terms, except for the terms of this Paragraph; (b) this Stipulation, all of its provisions (including, without limitation, any provisions regarding Class certification), and all negotiations, statements and proceedings relating to them shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective positions existing immediately before the execution of this Stipulation; (c) this Stipulation, or any provision of this Stipulation or the fact of this Stipulation having been made, shall not be admissible or entered into evidence, referenced or cited for any purpose whatsoever and shall not be subject to discovery; (d) any order or judgment entered after the date of this Stipulation but prior to termination of this Stipulation, including, without limitation, any order certifying the Class, will be vacated and will be without any force or effect; and (e) Plaintiffs hereby agree they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Stipulation and related pleadings and filings, any provision of this Stipulation (including without limitation the provisions regarding class certification), the fact of this Stipulation having been made, and any settlement negotiations preclude Nationwide from opposing certification or the claims in the Lawsuit or any other proceeding.

## XI.    DENIAL OF LIABILITY

65.    Nationwide has indicated its intent to vigorously contest each and every claim in the Lawsuit.  Nationwide denies each and every material allegation in the Lawsuit.  Nationwide nonetheless has concluded that settlement of this Lawsuit on the terms and conditions set forth in this Stipulation is in its best interest.  Nationwide reached this conclusion after considering the factual and legal issues in the Lawsuit, the substantial benefits of a final resolution of the

Lawsuit, and the expense that would be necessary to defend the Lawsuit through trial, appeal, and any subsequent proceedings that may occur.

66.     As a result of the foregoing, Nationwide enters into this Stipulation without in any way admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Nationwide of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of Nationwide.  This Stipulation shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Nationwide, nor as an admission or concession that this Lawsuit may properly be maintained as a litigation or arbitration class action.  In the event the Proposed Settlement is not finally approved for any reason, Nationwide shall retain the right to object to the maintenance of the Lawsuit or any other proceeding as a class action and to contest the Lawsuit, or any other case, on any ground.

67.     Neither this Stipulation, nor the negotiation of this Stipulation, nor the Settlement procedures, nor any act, statement, or document related in any way to the negotiation of the Stipulation or Settlement procedures, nor any pleadings, or other document or action related in any way to the Stipulation shall be offered into evidence, or otherwise used, in the Lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Nationwide.

## XII.   <u>CONFIDENTIALITY AGREEMENT</u>

68.     The following constitutes highly confidential and proprietary business information of Nationwide (the "Proprietary Information"):   (a) the names, addresses, policy numbers, and other data concerning individuals compiled by Nationwide or the Administrator in

effectuating the Proposed Settlement; (b) all documents and electronic data utilized by Nationwide or the Administrator in identifying potential Class Members and effectuating Nationwide's other obligations under the Stipulation; and (c) documents and data produced by Nationwide in the Lawsuit that were identified as confidential pursuant to the Court's November 6, 2018 Amended Protective Order.  The confidentiality of all Proprietary Information shall be protected from disclosure by Class Counsel and any other attorneys for Plaintiffs in this Lawsuit to any Persons other than those described in Paragraph 69 below.

69.     No Persons other than Nationwide's counsel, Class Counsel, and their respective clerical/administrative personnel, and the Administrator shall be allowed access to any Proprietary Information.  If the Court orders access to any others, notice to all counsel of record shall be given.  Any person to whom Proprietary Information is disclosed or who has access to Proprietary Information shall maintain it as confidential and shall not publicly disclose or release it to any person not authorized by Nationwide, this Stipulation, or the Court.  Provided, that nothing in this Stipulation shall be construed to restrict or limit Nationwide's use or disclosure of its own Proprietary Information.

70.     Within thirty (30) days after all eligible claims have been paid, Class Counsel and other attorneys for Plaintiff in this Lawsuit shall destroy or return to Nationwide's Counsel all Proprietary Information, in their possession, custody, or control, excluding Representative Plaintiff's claim file materials only, upon request by Nationwide's counsel, and shall deliver a letter to Nationwide's Counsel confirming their undertaking and compliance with this Paragraph. Further, the Parties agree that neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel shall use any of this Proprietary Information in any

other litigation, current or future, unless independently obtained through discovery or other procedures in such other litigation.

## XIII.  RETENTION OF RECORDS

71.     The Administrator shall retain copies or images of all returned Class Notices, Claim Forms, and correspondence relating thereto, for a period of up to one (1) year after the Effective Date.   After this time, the Administrator may destroy such documents in their possession.   Nothing in this Stipulation shall be construed to require the Administrator, Class Counsel, and/or Nationwide's Counsel to retain records beyond their respective, discretionary, record retention policies.

## XIV.  MISCELLANEOUS

72.     **Cooperation of the Parties.**   The Parties, Class Counsel, and Nationwide's Counsel agree to undertake their best efforts and mutually cooperate to effectuate this Stipulation, including taking all steps contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.   The Parties, Class Counsel, and Nationwide's Counsel also agree to defend this Stipulation against any objection made to the final approval of the Settlement or in any appeal of the Final Order and Judgment or against any collateral attack on the Stipulation or Final Order and Judgment.   The Representative Plaintiff agrees not to request exclusion from the Class or to encourage others to do so.

73.     **Authority to Execute the Stipulation.**   The undersigned counsel represent they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

74.     **Entire Agreement.**   This Stipulation sets forth the entire agreement between the Parties relating to the settlement of the Lawsuit and supersedes any prior agreements or understandings between them.   There are no other representations or warranties between the

Parties relating to the subject matter of this Stipulation that are not contained in this agreement or that are being relied upon by any party to this Stipulation.

75. **Modification.** The Stipulation may not be altered or modified except by written instrument executed by Class Counsel and Nationwide's Counsel, and any amendments or modifications shall be presented to the Court for approval. Amendments and modifications may be made without additional notice to the potential Class Members unless such notice is required by the Court.

76. **Choice of Law.** This Stipulation shall be governed by and interpreted according to the substantive laws of the State of Colorado.

77. **Postmarks.** Whenever a Class Member is required to provide notice or submit materials by a certain date, the notice or submission shall be timely only if it is postmarked or electronically submitted on or before the date it is due and there is documentary proof of such timely postmark or electronic submission. Notwithstanding the foregoing, however, objections to the Stipulation must be actually delivered to and received by the intended recipient on or before the date they are due.

78. **Extensions.** The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation. Such extensions must be in writing to be enforceable.

79. **Drafting of Settle Agreement and Unambiguous Contract.** Neither the Parties, Class Counsel, nor Nationwide's Counsel shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter. The Parties, Class Counsel, and Nationwide's Counsel agree that this Stipulation is clear and

unambiguous and that no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, its intent, or the circumstances under which it was made or executed.

80. **Counterparts.** This Stipulation may be signed in counterparts, each of which shall constitute a duplicate original.

81. **Further Assurances.** The Parties agree that upon the request of any one of them, they will execute and deliver such further documents and undertake such further action as may reasonably be required to effectuate any of the agreements and covenants contained in this Stipulation.

82. **Parties Bound.** The terms of this Stipulation are and shall be binding upon the Parties hereto, upon each of their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member, subject to the Court's final approval. Provided, however, that except as expressly provided in this Stipulation, this Stipulation is not intended to and does not confer upon any other person or entity any rights or remedies.

83. **Media Communications.** The Parties agree that they shall not affirmatively publish any release or statement to the media (or on the internet) concerning the Settlement. This provision excludes any information published on the settlement website. If any print or electronic media outlet contacts either of the Parties or counsel for the Parties seeking information or a statement regarding the Settlement, in the absence of a response agreed to by the Parties, no information will be provided, except to the extent such information appears as part of the public record.

84. **Use of this Stipulation as a Defense and Basis for an Injunction.** To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be

used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted, or attempted after the Effective Date, in breach of this Stipulation.

85.    **Waiver of a Breach.**  The waiver by either Plaintiffs or Nationwide of any breach of this Stipulation will not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, with this Stipulation.

86.    **Calculating Time.**  Unless otherwise noted, all reference to "days" in this Stipulation shall be to calendar days.  In the event any date or deadline under this Stipulation is a weekend or a legal holiday, such date or deadline shall be on the first business day thereafter.

87.    **Plural and Singular Terms.**  As used herein, the plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof, as the context may require.

88.    **Date of Execution.**  This Stipulation shall be deemed to have been executed upon the last date of execution by all the undersigned.

Dated this 14th day of June 2019:

By:

_(signature)_

Michael Louis Kelly
Behram Viraf Parekh
Joshua A. Fields
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277

Brett Norman Huff
HUFF & LESLIE, LLP
2480 Gray Street
Edgewater, CO 80214

_Counsel for Plaintiff Melodie Bushman,_
_on behalf of herself and all others similarly situated_

_(signature)_

Mark L. Hanover
Kristine M. Schanbacher
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606

_Counsel for Defendant Nationwide Agribusiness_
_Insurance Company_